**George PHILIPPI, Plaintiff–Appellant,**

**v.**

**SIPAPU, INC., a New Mexico corporation; Sipapu Recreation Development Corporation, a New Mexico corporation; and their employees, Lawrence Gottschau, James Booth, and Olive Bolander; and American Home Assurance Corporation, a New York corporation, Defendants–Appellees.**

**No. 91–2253.**

United States Court of Appeals, Tenth Circuit.

April 17, 1992.

Patrick A. Casey and David C. Ruyle, Patrick A. Casey, P.A., Santa Fe, N.M., for plaintiff–appellant.

Joe L. McClaugherty and Cameron Peters, McClaugherty, Silver & Downes, P.C., Santa Fe, N.M., for defendants-appellees.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff, George Philippi, appeals a district court order granting summary judgment to the defendants.[1] Philippi argues that the district court erred in granting the defendants summary judgment on Philippi's negligence action. Philippi also argues that two unresolved issues of New Mexico law may be determinative in this case and urges this court to certify these issues to the Supreme Court of the State of New Mexico. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In January of 1984, Philippi suffered a physical injury during the course of a skiing lesson at Sipapu Ski Area in New Mexico. Philippi, a body builder, injured his right leg and knee while attempting to negotiate the "Lower Bambi" run at Sipapu. Philippi brought this action against the defendants claiming, among other things, that the defendants acted negligently in violation of the New Mexico Ski Safety Act, N.M.Stat.Ann. §§ 24–15–1 to 24–15–14 (hereinafter referred to as "the Act" or "the Ski Safety Act").

In their motion for summary judgment, the defendants argued that they were entitled to judgment as a matter of law because the Ski Safety Act is Philippi's only remedy and because Philippi's claim is barred by his statutory assumption of the risks of skiing and his own breaches of duty under the Act. As an alternative basis for summary judgment, the defendants argued that they did not breach any of their duties under the Act. Without stating the basis of its ruling, the district court found that the motion for summary judgment was "well taken and should be granted."

Philippi raises two claims on appeal. First, he argues that the district court misconstrued and misapplied the doctrine of primary and secondary assumption of the risk, as embodied in the Ski Safety Act. Second, Philippi argues that even if his conduct constitutes secondary assumption of the risk, the Act embodies comparative negligence principles, and his conduct, therefore, cannot totally bar his recovery under the Act. Philippi urges us to certify both of these issues to the New Mexico Supreme Court.

Although the basis of the district court's ruling is not evident, "we may affirm the granting of summary judgment if any proper ground exists to support the district court's ruling." *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988). We find it unnecessary to reach the merits of Philippi's arguments on appeal because both arguments presuppose that, but for the district court's alleged errors in applying the doctrines of assumption of the risk and comparative negligence, the district court would have concluded that the defendants owed a duty to Philippi. Viewing the facts alleged in the complaint and in opposition

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

to the summary judgment motion in the light most favorable to Philippi, we hold as a matter of law that the defendants owed no duty to protect Philippi from the harm he allegedly sustained. Because Philippi cannot demonstrate a duty owed by the defendants, we find certification of the issues on appeal inappropriate, as these issues are not determinative of this action.

■ This case requires us to determine whether the Ski Safety Act imposes a duty on a ski area operator to warn, or in some way protect, a novice skier from the inherent perils and obstacles posed by the terrain of a narrow, steep and ungroomed ski slope. Philippi's injury occurred during a skiing lesson. According to the amended complaint, Philippi fell repeatedly during the lesson and, despite the ski instructors' demonstrations and instructions, he was unable to master turning and other skiing maneuvers. Philippi allegedly informed the instructors that he wanted to stop the lesson because he was frustrated and tired. The instructors encouraged Philippi to continue skiing to the end of the run because the remaining terrain was "relatively easy," and there was "no place to stop or stand." The complaint alleges that "[f]ollowing the instructions of one of the individual Defendants, Plaintiff entered onto a narrow, steep, ungroomed slope which required numerous turns to navigate. Plaintiff could not see obstacles on this slope until he was upon them and too late to avoid them. During this portion of the instruction Plaintiff fell and severely injured his right leg an[d] knee...."

Under section 24–15–10(B) of the Ski Safety Act, a skier "accepts as a matter of law the dangers inherent in that sport insofar as they are obvious and necessary." The Act goes on to state that a skier

> expressly assumes the risk of and legal responsibility for any injury to person or property which results from participation in the sport of skiing, in the skiing areas, including any injury caused by ... variations in terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees or other forms of forest growth or debris....

The Act specifically excludes from the scope of a skier's assumption of risk "any injuries ... resulting from any breach of duty imposed upon ski area operators under the provisions of Sections 24–15–7 and 24–15–8 [of the Act]." *Id.*

Philippi maintains that even though he assumed the obvious and necessary risks associated with skiing, including any injury caused by variations in terrain, the risks he encountered were not "obvious and necessary" to him as a novice skier. The Act imposes an affirmative duty on ski area operators "to warn of or correct particular hazards or dangers known to the operator where feasible to do so." *Id.* § 24–15–7(I). Philippi's complaint alleges that the defendants were aware of Philippi's difficulties in mastering even the simplest skiing maneuvers, the defendants knew of "particular hazards or dangers," and they knew or should have known that Philippi was likely to injure himself if "allowed to continue" down the slope. Thus, Philippi alleges that under section 24–15–7(I) of the Act, the defendants had a duty to warn him of the obstacles of the lower portion of the ski slope—obstacles "which were not plainly visible and which created an immediate hazard to [Philippi] and the skiing public."

In response to the defendants' argument in support of summary judgment that the defendants owed no duty to Philippi, Philippi bore the burden of making a showing sufficient to establish the existence of the defendants' duty. *See High Plains Natural Gas v. Warren Petroleum Co.*, 875 F.2d 284, 290–91 (10th Cir.1989). "The party resisting [summary judgment] may not rest on the bare allegations or denials of his pleadings. Rather he must produce some evidence showing a genuine issue for trial." *Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir.1989).

Philippi claims that the deposition testimony and affidavits, along with facts alleged in his complaint, demonstrate a genuine issue of material fact concerning the defendants' violation of section 24–15–7(I) of the Act. Philippi points out that, despite the instructors' awareness of Philippi's ina-

bility to master even the simplest skiing maneuvers, the instructors "failed to help" and "failed to warn" Philippi of the risks of the lower portion of the Bambi trail. Further, Philippi made some showing that the defendants were aware that novice skiers had "problems" on the portion of the trail on which Philippi's injury occurred. In addition, Philippi points to the failure of the Sipapu ski instructor's manual to advise the instructors of the need to warn students of dangers and alert them to safety considerations. Philippi argues that reasonable minds could differ on whether these circumstances give rise to a duty on behalf of the defendants and, therefore, that the issue should be left to the finder of fact.

Under New Mexico law, however, the question of whether a defendant owes a duty to a particular plaintiff is a question of law to be determined by the court. *Calkins v. Cox Estates*, 110 N.M. 59, 792 P.2d 36, 39 (1990); *Schear v. Board of County Comm'rs*, 101 N.M. 671, 687 P.2d 728, 729 (1984). Under section 24-15-7(I) of the Ski Safety Act, the defendants only have the duty to warn of or correct "particular hazards or dangers." Philippi cannot rest on the bare allegation in his amended complaint that the defendants were aware of and failed to warn of "particular hazards or dangers." Nothing in Philippi's amended complaint, deposition or affidavits identifies any "particular hazard or danger" known to the defendants. Philippi merely asserts that his injury was caused by the defendants' failure to warn him individually of the general conditions of the terrain on the lower portion of the beginner slope. Allegations of "thin and bare" terrain on a "narrow, steep and ungroomed" slope do not amount to a particular hazard of which the defendants had a duty to warn Philippi. Likewise, allegations of the defendants' knowledge of injuries to novice skiers on that same portion of the slope do not amount to a particular hazard of which the defendants had a duty to warn Philippi.

The purpose of the Ski Safety Act is to define "those areas of responsibility and affirmative acts for which ski area opera-tors shall be liable for loss, damage or injury and those risks which the skier expressly assumes and for which there can be no recovery." N.M.Stat.Ann. § 24-15-2. Philippi assumed the risk for variations in terrain, *id.* § 24-15-10, and Philippi had the duty to ski within the limits of his own ability. *Id.* Section 24-15-13 of the Act clearly states that a skier cannot recover for injuries or damages resulting from the skier's own violation of his duties, as set forth in section 24-15-10. In our view, the Act allocates to the skier the risks for the type of injury Philippi alleges. In light of the language and purpose of the New Mexico Ski Safety Act, we conclude as a matter of law that the scope of the duty imposed on ski operators in section 24-15-7(I) of the Act is not broad enough to encompass the duty to provide a general warning to a novice skier that, because of the skier's limited abilities, portions of a beginner slope may be dangerous.

The motion to certify questions of state law is DENIED and the order of the district court is AFFIRMED.