CHARLOTTE TILLEY vs. BRODIE MOUNTAIN SKI AREA, INC. May 11, 1992. *Ski Area. Negligence*, Operator of ski area.

In this case we are asked to decide whether G. L. c. 143, § 71O (1990 ed.), which insulates ski areas from liability for collisions between skiers,[1] encompasses a ski operation's agents or employees acting on its behalf. We hold that it does not.

While traversing a ski slope for intermediate skiers at an area owned and operated by Brodie Mountain Ski Area, Inc. (Brodie), the plaintiff, Charlotte Tilley, was struck from behind by a Brodie ski patrol member.[2] Following the accident, the plaintiff filed a complaint requesting relief, including reimbursement for medical expenses incurred as a result of the ski patroller's alleged negligence. Brodie filed a motion for summary judgment. The judge allowed Brodie's motion and entered a judgment for the defendant. The plaintiff appeals. We transferred the case to this court on our own motion. The plaintiff argues that the judge erred in allowing Brodie's summary judgment motion because G. L. c. 143, § 71O, does not exempt Brodie from liability for injuries caused by its agent. We agree. Accordingly, we reverse the judgment for the defendant.

While an important purpose of G. L. c. 143, §§ 71H-71S (1990 ed.), is "to decrease the economic threat to the ski industry by limiting an operator's liability," an equally important purpose of that statute is to make the sport "safer by requiring operators to implement greater safety precautions." *Atkins* v. *Jiminy Peak, Inc.*, 401 Mass. 81, 84 (1987), quoting

---

[1]The statute reads, in relevant part: "A skier skiing down hill shall have the duty to avoid any collision with any other skier, person or object on the hill below him, and, except as otherwise provided in this chapter, the responsibility for collisions by any skier with any other skier or person shall be solely that of the skier or person involved and not that of the operator . . . ."

[2]For the purposes of its summary judgment motion, Brodie stipulated that the ski patrol member was acting as its agent.

Note, Ski Operators and Skiers — Responsibility and Liability, 14 New Eng. L. Rev. 260, 271 (1978). The statute, in addition to stating that "the responsibility for collisions by any skier with any other skier or person shall be solely that of the skier or person involved and not that of the operator," § 71O provides that a "ski area operator shall: . . . (6) . . . be responsible for the maintenance and operation of ski areas under its control in a reasonably safe condition or manner," § 71N.

General Laws c. 143, § 71O (1990 ed.), embodies the Legislature's judgment that it would be both physically impossible and economically intolerable to require ski areas to guard against and assume responsibility for the negligence of their patrons. Although it cannot be expected to select and control its patrons, a ski area is able to exercise a great degree of control in the selection, training and supervision of its ski patrol members.

We do not believe that the Legislature intended to alter the well established common law rule that an employer is liable for the negligence of its agents or employees. "A statute should not be interpreted to 'require a radical change in established public policy or in the existing law [if] the act does not manifest any intent that such a change should be effected.' " *Cousineau* v. *Laramee*, 388 Mass. 859, 862 (1983), quoting *Dexter* v. *Commissioner of Corps. & Taxation*, 316 Mass. 31, 38 (1944). In *Grass* v. *Catamount Dev. Corp.*, 390 Mass. 551 (1983), we determined that the limitations of actions provision of the statute did not apply to wrongful death claims. We stated that "[h]ad the Legislature intended that G. L. c. 143, § 71P, should apply to claims for wrongful death as well as to claims for injuries not resulting in death, we believe it would have done so expressly . . . ." *Id.* at 553. So, too, in this case there is nothing in the statutory scheme of G. L. c. 143, § 71H-71S, that indicates a legislative intent to insulate the ski area operation from liability for the negligence of its agents or employees.

*Judgment reversed.*

*Kevin C. Giordano* for the plaintiff.
*Thomas J. Curley, Jr.*, for the defendant.