34 F.3d 982
 RESOLUTION TRUST CORPORATION, as Conservator for Security
Federal Savings and Loan Association, F.A., Plaintiff,
First Southwest Financial Services, Inc., Clarence E.
Ashcraft, Allen L. White,
Plaintiffs-Appellees/Cross-Appellants,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Federal
Savings and Loan Insurance Corporation Resolution
Fund, Defendants/Cross-Appellees,
Federal Deposit Insurance Corporation, Federal Home Loan
Bank Board, Director, Office of Thrift Supervision, in his
own official capacity and as successor in interest to
Federal Home Loan Bank Board, Defendants-Appellants/Cross-Appellees.
 Nos. 93-2002, 93-2015 and 93-2016.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 7, 1994.
 
 1
 Scott R. McIntosh, Appellate Staff, Civ. Div., Dept. of Justice, Washington, DC, Teresa Scott, Office of Thrift Supervision, Washington, DC (Carolyn B. Lieberman, Acting Chief Counsel, Thomas J. Segal, Deputy Chief Counsel, Aaron B. Kahn, Asst. Chief Counsel, Office of Thrift Supervision, Washington, DC, Stuart Schiffer, Acting Asst. Atty. Gen., Washington, DC, Don J. Svet, U.S. Atty., Albuquerque, NM, and Douglas N. Letter, Appellate Litigation Counsel, Dept. of Justice, Washington, DC, with them on the brief), for defendants-appellants and cross-appellees.
 
 
 2
 Paul M. Fish (Allen C. Dewey, Jr. and Lisa Mann Burke, with him on the brief), Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, for plaintiffs-appellees and cross-appellants.
 
 
 3
 Before LOGAN, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY and HENRY, Circuit Judges, and VAN BEBBER, District Judge.d
 
 ORDER
 
 4
 This matter comes on for consideration of Defendants-Appellants/Cross-Appellees' (Office of Thrift Supervision (OTS) and Federal Deposit Insurance Corporation (FDIC), collectively referred to as "the Agencies") petition for rehearing and suggestion for rehearing en banc. For the following reasons, the petition for rehearing is denied by the panel that rendered the decision.
 
 
 5
 The Agencies attempt to resurrect an issue on which they lost below and did not appeal when they now argue that OTS is immune from suit. The Agencies waived this argument when they failed to appeal the district court's rejection of it. See Fed.R.App.P. 28(a)(3); Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992). Further, the district court correctly held that FIRREA waived OTS's sovereign immunity, citing Far West Fed. Bank, S.B. v. Director, Office of Thrift Supervision, 930 F.2d 883 (Fed.Cir.1991). The panel agrees with the district court and the Federal Circuit, whose holdings do not rely merely on prudential considerations as the Agencies assert, but rather rely on FIRREA's statutory waivers of sovereign immunity. See 12 U.S.C. Secs. 1819, 1821a, 1464(d)(1)(A).
 
 
 6
 The Agencies' assertion that the panel overlooked the argument that the "unmistakability doctrine" precludes judgment in the Plaintiffs-Appellees/Cross-Appellants' ("Investors") favor is unwarranted. The panel gave serious consideration to this argument, and concluded that the "unmistakability doctrine," as enunciated in Bowen v. Public Agencies Opposed to Social Security Entrapment, 477 U.S. 41, 52, 106 S.Ct. 2390, 2396, 91 L.Ed.2d 35 (1986) ("POSSE "), is irrelevant because the sovereign acts doctrine is not applicable. As stated in the opinion, the sovereign acts doctrine does not apply because the detrimental effect on private contract rights was the result of targeted agency discretion and not legislation of general applicability enacted for the common good. Resolution Trust Corp. v. Federal Sav. & Loan Ins. Corp., 25 F.3d 1493, 1501-02 (10th Cir.1994). Further, the Investors did not seek to enjoin the Agencies, they merely requested to be restored to the position they enjoyed prior to their rescue of Security Federal. Only if the sovereign acts doctrine applied would we be required to address the issue of unmistakability. That not being the case, there was no need to discuss POSSE.
 
 
 7
 The Agencies also argue that FIRREA did not grant them discretion concerning capital requirements, that it would have been improper for them to exercise such discretion in order to abide by their agreement with the Investors, and that any relief would have been temporary. They further suggest that the issue was not before the panel. In reviewing the grant of summary judgment, review is de novo, Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990), and the district court may be affirmed on any proper ground. Philippi v. Sipapu, Inc., 961 F.2d 1492, 1493 (10th Cir.1992). The panel reviewed the entire discretionary section of FIRREA and found no suggestion on the record of any disputed factual matter that might have precluded OTS from acting within the discretion Congress granted to it. Impropriety and failure to soundly operate the institution, 12 U.S.C. Sec. 1464(t)(7)(C), were simply not disputed issues in this case. OTS's strategy with Security Federal led to its breach of contract. The remaining time period of statutory discretion is irrelevant once the breach occurred. This argument suggests that the Agencies misunderstand the differences between the remedies of damages and restitution.
 
 
 8
 Finally, the Agencies tenaciously attempt to create a factual dispute where none exists. They argue that the Investors conferred no benefit because they eventually liquidated Security Federal. This argument relies upon Monday morning quarterbacking rather than an examination of the benefit conferred at the time the investment was made. A benefit need not be measured in dollars in order for the law to protect it. Further, it is immaterial that a conferred benefit was or may have been "later lost, destroyed, or squandered." Restatement (Second) of Contracts Sec. 370 cmt. a (1981).
 
 
 9
 Chief Judge Seymour is recused. In accordance with Fed.R.App.P. 35(b), the suggestion for rehearing en banc was transmitted to all of the remaining judges of the court who are in regular active service. No member of the panel and no judge in regular active service having requested that the court be polled on the suggestion, it is denied.
 
 
 
 d
 The Honorable G.T. Van Bebber, United States District Judge for the District of Kansas, sitting by designation