ELENA McHERRON & another[1] *vs.* JIMINY PEAK, INC.

Berkshire. February 5, 1996. - May 16, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Ski Area. Negligence,* Operation of ski area. *Practice, Civil,* Summary judgment.

An action brought against the operator of a ski area by a skier injured when her ski caught on bare ground or a rock while she was skiing on a trail was barred by the specific provisions of G. L. c. 143, § 71O, which restricts liability for injuries resulting from "unavoidable risks inherent in the sport," including "bare spots." [679-682]

CIVIL ACTION commenced in the Superior Court Department on December 14, 1992.

The case was heard by *William H. Welch,* J., on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*William W. Adams* for the defendant.

*Joel F. Soforenko* for the plaintiff.

ABRAMS, J. This is the first of two cases interpreting the Massachusetts "Ski Safety Act," G. L. c. 143, §§ 71H-71S (1994 ed.). In this case, we must decide whether G. L. c. 143, §§ 71N and 71O, bar a plaintiff from recovering for injuries resulting from a bare spot in the trail leading from the base lodge of the defendant's ski area to the chairlift. The plaintiff, Elena McHerron, was injured while skiing at the defendant's ski area. McHerron alleges that her injuries resulted from the defendant's actions in negligently placing a snow-making machine behind a tree so that man-made snow blew in such a way as to leave a bare spot on the trail onto which the plaintiff skied and injured herself.

The defendant, Jiminy Peak, Inc., moved for summary

---

[1]Lester McHerron, her husband. He seeks damages for loss of consortium resulting from his wife's injuries.

judgment relying on G. L. c. 143, §§ 71H-71S, to bar recovery for an injury caused by a bare spot. The Superior Court allowed the defendant's motion for summary judgment because "[t]he conclusion is unavoidable that the plaintiff's injury resulted from a risk inherent in the sport of skiing" and is therefore, barred by the Ski Safety Act. The Appeals Court reversed and held that there was a material issue of fact as to whether the bare spot which allegedly caused the plaintiff's injury was an "unavoidable risk inherent in the sport of skiing." *McHerron* v. *Jiminy Peak, Inc.*, 38 Mass. App. Ct. 593, 594 (1995). We allowed the defendant's motion for further appellate review. We affirm the judgment of the Superior Court.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711 (1991). The material facts in this case are not disputed. The parties agree that the plaintiff was skiing on part of the ski area located between the base lodge and the chairlift when her ski caught on bare ground or a rock, causing the plaintiff to fall. The sole question is whether, on these facts, the plaintiff's recovery is barred by the Ski Safety Act as a matter of law.

General Laws c. 143, §§ 71H-71S, was enacted to define and restrict the responsibility and liability of ski operators to skiers injured by risks inherent in the sport of skiing. St. 1978, c. 455. The statute was intended to provide the ski area operators with protection from liability in certain circumstances, while still ensuring skier safety. *Atkins* v. *Jiminy Peak, Inc.*, 401 Mass. 81, 84 (1987). See also Note, Ski Operators and Skiers — Responsibility and Liability, 14 New Eng. L. Rev. 260, 271 n.79 (1978). The Legislature's enactment of the act reflects its judgment as to the proper balance between the skier's need for safety and the ski area operator's economic survival. See *Atkins, supra* at 84 (Legislature could have reasonably decided that ski area operators require more protection than do other sectors of ski industry). See also Note, 14 New Eng. L. Rev., *supra* at 271. The Legislature is given broad latitude in determining how best to ensure safety while at the same time controlling liability. See *Guzman* v. *MRM/Elgin*, 409 Mass. 563 (1991) (deference to legislative

judgment as to what types of transactions give rise to liability).

General Laws c. 143, § 71N, defines the duties of ski area operators.[2] It provides, in part, that "[a] ski area operator shall . . . be responsible for the maintenance and operation of ski areas under its control in a reasonably safe condition or manner; provided, however, that ski area operators shall not be liable for damages to persons or property, while skiing, which arise out of the risks inherent in the sport of skiing."

Unlike similar statutes in Vermont and other States, the Massachusetts statute expressly defines some of the unavoidable risks inherent in the sport of skiing. General Laws c. 143, § 71O, provides that "[a] skier shall be presumed to know of the existence of certain unavoidable risks inherent in the sport of skiing, which shall include, but not be limited to, variations in terrain, surface or subsurface snow, ice conditions or *bare spots*, and shall assume the risk of injury or loss caused by such inherent risks" (emphasis added). Compare G. L. c. 143, § 71O, with Vt. Stat. Ann. tit. 12, § 1037 (Supp. 1995) (skier accepts as matter of law dangers that inhere in sport insofar as they are obvious and necessary).

Construing § 71N harmoniously with § 71O, see *Walker v. Board of Appeals of Harwich*, 388 Mass. 42, 51 (1983), we conclude that by including bare spots as an enumerated example of an unavoidable risk inherent in the sport of skiing, the Legislature has determined, as a matter of law, that the ski area operator should not be held liable for injuries resulting therefrom. See *Diehl* v. *Catamount Ski Area, Inc.*, United States Dist. Court Civ. A. No. 89-30006-F (D. Mass. 1990) ("plaintiff fell because she skied into a bare spot. It is difficult to discern how the statute could have any meaning unless it barred actions based on accidents of this type").

The Legislature, by enacting the 1987 amendment to § 71O enumerating "certain unavoidable risks inherent in the sport of skiing," exercised its judgment and determined that the proper balance of liability between skier and ski area operator required that ski area operators not be liable for injuries or loss caused by bare spots in the snow. See St. 1987, c. 287. The Legislature has determined that, as a matter of law, it is

---

[2]It is not disputed that the defendant is a "ski area operator," that the plaintiff was a "skier," or that the plaintiff was "skiing" within the meaning of the act. See G. L. c. 143, § 71I (1994 ed.).

not reasonable or practical to expect a ski area operator to provide cover for bare spots on open trails.[3] Courts and jurors may not substitute their judgment for that of the Legislature. *Shell Oil Co.* v. *Revere*, 383 Mass. 682, 688 (1981), quoting *United States* v. *Carolene Prods. Co.*, 304 U.S. 144, 154 (1938) ("Once the Legislature has drawn a classification, 'neither the finding of a court arrived at by weighing the evidence, nor the verdict of a jury can be substituted for it' ").

The plaintiff's reliance on a ski area operator's general duty, expressed in § 71N, to maintain and operate its ski area in a reasonably safe condition or manner is misplaced. This duty is expressly limited by the subsequent proviso which negates operator liability for damages arising out of risks inherent in the sport of skiing. See *Attorney Gen.* v. *Methuen*, 236 Mass. 564, 573 (1921) ("But that sentence does not stand alone. It is followed by another sentence, the first word of which is, 'Provided.' That word in common speech naturally expresses a qualification, a limitation, a condition, or an exception respecting the scope and operation of words previously used . . . its true office and its general purpose is to restrict the sense or make clear the meaning of that which has gone before"). The proviso exempting operators from liability for inherent risks must be construed as an exception to their general duty to maintain the ski area in a safe condition.[4]

As the defendant had no duty to remedy a statutorily defined unavoidable risk inherent in the sport of skiing, the defendant's alleged negligence in failing to eliminate the naturally occurring bare spot does not create liability. *Aetna Casualty & Sur. Co.* v. *Fennessey*, 37 Mass. App. Ct. 668, 673 (1994) ("There can be no negligence where there is no duty").

[3]The statute does not distinguish between a heavily traveled trail leading to a chairlift and any other open trail. See G. L. c. 143, § 71I (defining ski slope or trail).

[4]We note that the limitation on tort recovery for injuries resulting from risks inherent in the sport of skiing does not remove the incentive for ski area operators to maintain the ski area in a safe condition. Section 71J provides for the creation and enforcement of rules and regulations for the construction, operation, maintenance, and inspection of recreational tramways and a sign system to promote safety. Section 71N, in addition to requiring maintenance and operation of a ski area in a reasonably safe manner or condition, requires the posting of signs and flashing lights to warn of equipment on trails. Section 71R specifies fines for violations of the regulations adopted pursuant to § 71J or § 71N.

See also *Philippi* v. *Sipapu, Inc.*, 961 F.2d 1492 (10th Cir. 1992) (defendant owed no duty to protect plaintiff from harm caused by narrow, steep, and ungroomed ski slope); *Nelson* v. *Snowridge, Inc.*, 818 F. Supp. 80 (D. Vt. 1993) (ice being an obvious and necessary danger in the sport of skiing, defendant ski area under no duty to take precautions to eliminate ice); *Connelly* v. *Mammoth Mountain Ski Area*, 38 Cal. App. 4th 8, 11 (1995) (no duty to protect skier from inherent risk of colliding with skilift tower; "A duty to use due care is one of the elements of a negligence cause of action; if there is no such duty, there is no negligence action"); *Northcutt* v. *Sun Valley Co.*, 117 Idaho 351, 355 (1990) (ski area operator under no duty to eliminate, alter, control, or lessen inherent risks of skiing; without duty, there can be no negligence); *Schmitz* v. *Cannonsburg Skiing Corp.*, 170 Mich. App. 692, 696 (1988) (logical to construe section of statute which lists obvious and necessary risks assumed by skier as assumption of risk clause that renders reasonableness of ski area operator's behavior irrelevant). The defendant, Jiminy Peak, Inc., was under no legal duty to ensure that there were no bare spots on the open ski trails. Therefore, any alleged negligence in the defendant's efforts to cover the inherent bare spots can nct give rise to liability. The defendant was entitled to summary judgment as a matter of law.

*Judgment affirmed.*