AMY BETH SALDARINI & another[1] *vs.* WACHUSETT MOUNTAIN SKI AREA, INC.

Worcester. February 5, 1996. - May 16, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Ski Area. Negligence,* Operation of ski area.

An action brought against the operator of a ski area by a skier injured when ice conditions on the chairlift off-loading ramp caused a collision with another skier was barred by the specific provisions of G. L. c. 143, § 71O, which restricts liability for injuries resulting from "unavoidable risks inherent in the sport," including "ice conditions." [684-685]

CIVIL ACTION commenced in the Superior Court Department on September 24, 1992.

The case was heard by *James P. Dohoney, J.,* on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Richard J. Shea (Michael R. Byrne & Robert P. Powers* with him) for the defendant.

*Samuel M. Furgang (Cynthia J. Cohen* with him) for the plaintiffs.

ABRAMS, J. This is the second case we decide today involving the applicability of the Massachusetts "Ski Safety Act," G. L. c. 143, §§ 71H-71S (1994 ed.), as a bar to recovery for a skiing injury. In this case, we are asked to consider whether ice conditions on a chairlift offloading ramp are a risk inherent in the sport of skiing and recovery for injury caused thereby is also barred by G. L. c. 143, §§ 71H-71S.

Amy Beth Saldarini, a minor, was injured in a collision with an unidentified skier while alighting from a chairlift at the defendant's ski resort. Amy and her parents brought suit in the Superior Court for Worcester County against the de-

---

[1]Robert Saldarini, her father.

fendant, Wachusett, alleging that ice conditions on the chairlift offloading ramp caused the collision between the unidentified skier and Amy, and that the defendant was negligent in allowing the offloading ramp to become icy and in failing to warn skiers of the ice conditions. Wachusett moved for summary judgment, relying on G. L. c. 143, §§ 71N and 71O. The Superior Court judge allowed the defendant's motion for summary judgment, ruling that pursuant to § 71O Amy had assumed the risk of ice conditions as a matter of law and was, therefore, barred from recovering for her injuries. Relying on its decision in *McHerron* v. *Jiminy Peak, Inc.,* 38 Mass. App. Ct. 593 (1995), the Appeals Court reversed. See *Saldarini* v. *Wachusett Mountain Ski Area, Inc.,* 39 Mass. App. Ct. 1101 (1995). We allowed the defendant's application for further appellate review and now affirm the judgment of the Superior Court.

General Laws c. 143, § 71O, expressly provides that "[a] skier shall be presumed to know of the existence of certain unavoidable risks inherent in the sport of skiing, which shall include, but not be limited to . . . ice conditions . . . and shall assume the risk of injury or loss caused by such inherent risks." We have today concluded that recovery is barred as a matter of law for injury resulting from a risk specifically enumerated in § 71O as an unavoidable risk inherent in the sport of skiing. See *McHerron* v. *Jiminy Peak, Inc., ante* 678 (1996). Ice on the ski area is such a risk.[2] "[N]o reasonable mind could fail to immediately conclude that ice is a necessary and obvious danger of skiing . . . . No improvements in grooming technique have been able to eliminate ice from the New England ski slopes, however, often described as 'frozen granular' and 'eastern hardpack.' " *Nelson* v. *Snowridge, Inc.,* 818 F. Supp. 80, 83 (D. Vt. 1993).

The plaintiff's reliance on *Tilley* v. *Brodie Mountain Ski Area, Inc.,* 412 Mass. 1009, 1010 (1992), is misplaced. *Tilley*

---

[2]We reject the plaintiffs' contention that Wachusett has any greater responsibility for ice conditions on or near a chairlift offloading ramp than on any other part of the ski area as defined by the statute. Ski area is defined to include "all of the slopes and trails under the control of the ski area operator, including cross-country ski areas, slopes or trails, and any recreational tramway in operation on any such slopes or trails . . . ." G. L. c. 143, § 71I. As we acknowledged in *McHerron* v. *Jiminy Peak, Inc., ante* 678, 680-681 (1996), the statute makes no distinction between portions of the ski area for purposes of liability.

involved a ski area operator's respondeat superior liability for a collision between an agent of the ski area operator and a patron. In *Tilley*, the agent had a duty to avoid the collision and was liable for any resulting injury. See G. L. c. 143, § 71O ("the responsibility for collisions by any skier with any other skier or person shall be solely that óf the skier or person involved and not that of the [ski area] operator"). We held that the liability could be shifted to the ski area operator as the agent's employer. In this case, there is no allegation that the unidentified woman who collided with Amy was an employee of Wachusett so there can be no respondeat superior liability for her negligence in causing the collision. *Tilley* is inapposite.

The defendant had no duty to ameliorate ice conditions on the chairlift offloading ramp. Therefore, there can be no recovery. The Superior Court's allowance of defendant's motion for summary judgment is affirmed.

*Judgment affirmed.*