Bohn, J.
On April 11, 2001, this civil action was before the Court for a hearing on the motion of the defendant for summary judgment. In support of its motion, the defendant argues that it is entitled to summary judgment because: 1) under G.L.c. 143, §§71H-71S, it had no duty to protect the plaintiff from injuries caused by the presence of other patrons; and 2) the plaintiff has no reasonable expectation of proving that an allegedly dangerous condition existed for a period of time which provided the defendant a reasonable opportunity to discover and correct the problem.
In opposition to the defendant’s motion, the plaintiff argues that the defendant is not statutorily insulated from liability because he was not injured by a risk inherent in the sport of skiing but, rather, by a man-made obstruction. According to the plaintiff, a traditional negligence analysis is necessaiy, and such an analysis includes questions of fact more appropriate for a jury, e.g. whether the defendant knew or should have known of the obstruction and whether the obstruction created an unreasonably dangerous condition.
For the reasons set forth below, the defendant’s motion will be ALLOWED.

Background

The following are the undisputed material facts. On the evening of January 2, 1999, the plaintiff, John Ajemian (“Ajemian”), was skiing with his family at Wachusett Mountain. While skiing Ralph’s Run, Ajemian injured himself in an effort to avoid snowboarders that he encountered on the trail. Ajemian had skied Ralph’s Run earlier that same evening and had noticed snowboarders waiting on the trail to use a snow mound during those previous runs. This litigation followed.

Discussion

I. Summary Judgment Standard
This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commis *330 sioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank u. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). If the pleadings, depositions, answers to interrogatories and admissions on file, along with affidavits, if any, demonstrate there are no genuine issues of material fact, summary judgment is appropriate. Mass.R.Civ.P. 56(c).
The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 726 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
II. Wachusett’s Duty
General Laws c. 143, §§71H-71S, also known as the Ski Safety Act, was enacted to “define and restrict the responsibility and liability of ski operators to skiers injured by risks inherent in the sport of skiing." McHerron v. Jimmy Peak, Inc., 422 Mass. 678, 679 (1996). In addition to setting out the duties of ski operators, the Act also delineates the duties of skiers. General Law c. 143, §710 establishes that “a skier going down the hill shall have the duty to avoid collision with any other skier, person or object on the hill below him, and . . . the responsibility for collisions by any skier with any other skier or person shall be solely that of the skier or person involved and not that of the operator
In light of this statute, the Court is compelled to conclude that Wachusett did not have a duty to protect Ajemian against other skiers or snowboarders on the slopes. As stated by the Supreme Judicial Court in Tilley v. Brodie Mountain Ski Area, Inc., 412 Mass. 1009, 1010 (1992), “G.L.c. 143, §710 embodies the Legislature’s judgment that it would be both physically impossible and economically intolerable to require ski areas to guard against and assume responsibility for the negligence of their patrons.” For this Court to hold otherwise would be ignoring the Legislature’s directive. Thus, Wachusett cannot be held liable for Ajemian’s injuiy that was allegedly caused by the presence of snowboarders on the trail and its motion for summary judgment will be allowed.
III. Proof of an Allegedly Dangerous Condition
Given this Court’s conclusion above, no further analysis or discussion of this issue is necessary.
Order
For the reasons set forth above, it is hereby ORDERED that the defendant’s motion for summaryjudgment is ALLOWED.