■ VANESSA M. DUENAS WOLFSON et al., Appellants, v PETER GLASS et al., Respondents. [754 NYS2d 82] —Mercure, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered September 28, 2001 in Saratoga County, which denied plaintiffs' motion to set aside a verdict rendered in favor of defendants.

Plaintiff Vanessa M. Duenas Wolfson (hereinafter plaintiff) was injured while night skiing at a ski facility in Massachusetts when defendant Peter Glass (hereinafter defendant), a 13-year-old snowboarder, collided with her. Plaintiff and her husband, derivatively, commenced this action against defendant and his father alleging that defendant had been negligent and had violated provisions of New York's "Safety in Skiing Code" (General Obligations Law § 18-105) and the Massachusetts "Ski Safety Act" (Mass Gen Laws Ann, ch 143, § 71O). At trial, defendant testified that he had changed course to avoid colliding with plaintiff's six-year-old daughter on the slope below and did not see plaintiff in the shadows at the edge

of the trail until the moment of collision. At the conclusion of proof, plaintiffs moved for a directed verdict on the issue of negligence based on defendant's violation of a Massachusetts statutory duty to avoid collisions with other skiers (*see* Mass Gen Laws Ann, ch 143, § 71O). Supreme Court denied the motion and instead charged the jury that "[i]f you find * * * that the Defendant violated the statute and if that violation was a proximate cause of the accident, then the Defendant must be found negligent." The jury returned a verdict in favor of defendants and plaintiffs' motion to set aside the verdict was denied, prompting this appeal.

The primary issue on this appeal is whether the Massachusetts "Ski Safety Act" imposes a statutory duty upon skiers to avoid collisions with other skiers such that a collision with another skier constitutes negligence per se. The statutory provision at issue provides, in pertinent part, as follows: "A skier skiing down hill shall have the duty to avoid any collision with any other skier, person or object on the hill below him, and, except as otherwise provided in this chapter, the responsibility for collisions by any skier with any other skier or person shall be solely that of the skier or person involved and not that of the operator * * *" (Mass Gen Laws Ann, ch 143, § 710). Plaintiffs, relying on this statute, contend that defendant, by colliding with plaintiff, violated a statutory duty to avoid colliding with another skier and, thus, Supreme Court erred when it denied their motion for a directed verdict.

We disagree. It is well settled that the determination as to whether a statute imposes a statutory standard of care turns on "whether the underlying policy of the legislation is the protection of a certain class of individuals and whether judicial recognition of a statutory standard will further that policy of protection" (*Gain v Eastern Reinforcing Serv.*, 193 AD2d 255, 258-259; *see Dance v Town of Southampton*, 95 AD2d 442, 446). The specific question for our review, then, is whether the policy underlying the Massachusetts statute at issue is to protect skiers from collisions with other skiers and whether imposition of a statutory duty to avoid such collisions would further that policy.

The Massachusetts "Ski Safety Act" (Mass Gen Laws Ann, ch 143, §§ 71H-71S) was enacted in 1978 in order to "define and restrict the responsibility and liability of ski operators" (*McHerron v Jiminy Peak, Inc.*, 422 Mass 678, 679, 665 NE2d 26, 27; *see* Note, *Ski Operators and Skiers—Responsibility and Liability*, 14 New Eng L Rev 260, 271). The Massachusetts Supreme Judicial Court has repeatedly noted that the purpose

of this statute was to limit the liability of ski area operators for injuries to skiers (*see McHerron v Jiminy Peak, Inc., supra*; *Tilley v Brodie Mtn. Ski Area, Inc.*, 412 Mass 1009, 1010, 591 NE2d 202, 203; *Atkins v Jiminy Peak, Inc.*, 401 Mass 81, 84, 514 NE2d 850, 852). We see nothing in the statute, or in the interpretation of this statute by Massachusetts courts, suggesting that the Massachusetts Legislature intended to depart from traditional negligence principles and instead impose a new statutory duty upon skiers such that a collision with another skier constitutes negligence per se (*see Dance v Town of Southampton, supra* at 446).

We find support for this view in the language of the statute itself. Section 710 provides that "the responsibility for collisions by any skier with any other skier or person shall be solely that of the skier or person involved and not that of the operator." While this statute clearly "absolves a ski operator from any liability resulting from a skier's collision with another person" (*Sanchez-Souquet v Jiminy Peak, Inc.*, 7 Mass L Rptr 583, *2), a close reading reveals that the liability for a skier's collision with another skier or person shall be borne *either* by the colliding skier *or* by the other skier or person involved. In our view, this language clearly contemplates the possibility that the "other skier" might be liable for a colliding skier's injuries or for his or her own injuries and, further, evinces a legislative intent to adopt rather than depart from common-law negligence principles. Accordingly, we find that Supreme Court did not err when it denied plaintiffs' motion for a directed verdict. We also find that Supreme Court erred by giving a negligence per se charge to the jury, but further find that this error was harmless in light of the jury's verdict in favor of defendants. Having considered the other contentions underlying plaintiffs' motion to set aside the verdict and found them to be unavailing, we conclude that said motion was properly denied.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.