■ PILAR LUGO, Respondent-Appellant, v ST. NICHOLAS ASSOCIATES et al., Appellants-Respondents, et al., Defendant. [795 NYS2d 227]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 16, 2003, which granted the motion of St. Nicholas Associates and the Stahl codefendants for summary judgment only to the extent of dismissing the complaint and cross claims against individual defendants Michael and Stanley Stahl, unanimously modified, on the law, summary judgment granted to defendants St. Nicholas Associates and Stahl Associates, dismissing the complaint and cross claims against them as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff, a home health care aide for the disabled, fell at a building owned by defendant St. Nicholas Associates and managed by defendant Stahl Associates as she attempted to lower a wheelchair-bound client down a short indoor stairway. Plaintiff contends that her accident and injuries resulted from defendants' violation of the Americans with Disabilities Act ([ADA] 42 USC § 12182 *et seq.*) in failing to provide an appropriate means of egress.

ADA allows litigants to pursue actions only for injunctive relief, and does not provide a private right of action for monetary damages in a personal injury action (see 42 USC § 12188 [a]; § 2000a-3 [a]; *Hunt v Meharry Med. Coll.*, 2000 WL 739551, *6-7, 2000 US Dist LEXIS 7804, *17-19 [SD NY 2000]). Since ADA's purpose is to address issues of discrimination and not safety, the act should not be construed as setting a safety standard for stairs or walkways, even with respect to disabled plaintiffs (cf. *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). In light of the statute's overriding purpose of eliminating discrimination against the disabled, and given that Congress did not include a private right of action even for direct and intentional discrimination, there is no discernible reason why the motion court, or any court, should use ADA as a safety standard to create new and wide-ranging liabilities on building owners. Turning ADA into a safety standard would, in effect, require building owners to refurbish buildings immediately or face potential tort liability to the disabled or persons associated with them for accidents occurring during their attempts to navigate steps into or out of a building, even though the steps may be perfectly proper and without defect.

There is nothing in ADA, or in the interpretation of the statute by a New York court, that would suggest its draftsmen intended to depart from traditional negligence principles and impose a new statutory duty on building owners (see *Wolfson v Glass*, 301 AD2d 843, 845 [2003]). Nor has the New York State Legislature seen fit to expand the scope of a building owner's duty beyond that of the common law in this respect (see *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 301-302 [1983]). Concur—Buckley, P.J., Saxe, Nardelli, Williams and Catterson, JJ. [See 2 Misc 3d 212 (2003).]