Billings, Thomas P., J.
For the reasons that follow, the defendants’ Motion for Summaiy Judgment is ALLOWED as to defendant Kevin Thompson and DENIED as to the Universiiy of Massachusetts.
FACTS
On the record before me — supplemented, pursuant to the Court’s allowance of defendant Thompson’s motion at oral argument — the following facts are either not subject to genuine dispute, or are here taken in the light most favorable to the plaintiff.
On August 2, 2001 the plaintiff was a student at the University of Massachusetts at Amherst, having begun her freshman year early to practice with the University’s cheerleading squad. On that day, her second day of practice, defendant Thompson — a University employee who coached the cheerleaders — instructed the plaintiff to participate in a 2 1/2 level pyramid stunt. In this maneuver, two cheerleaders stand on the shoulders of two others, and the top of the “pyramid” (here, the plaintiff) is launched into position — about ten feet up — where she is to land standing on the shoulders of the upper tier (at U. Mass., this was known as a “flying squirrel”). Although the plaintiff was an experienced cheerleader she had not tried a 2 1 /2 level pyramid before, as it is illegal at the high school level.
Thompson talked the plaintiff through the maneuver in advance of its execution. He placed “spotters,” to whom he gave about five minutes of instruction, at the front and sides of the pyramid, but none in the rear; this was because he believed that if the plaintiff were thrown too far she would likely fall off the front, not the rear.
The squad then attempted the stunt, with Thompson not present. It went badly, the plaintiff falling from the top of the pyramid and landing to the rear, where Coach Thompson had neglected to place spotters to help break her fall. She suffered serious fractures of the right tular neck and the fibula, requiring an open surgical reduction and fixation with screws. The effects have been disabling: She will never be a cheerleader again, and has been advised never to run again.
The plaintiff alleges that Thompson was negligent in failing to properly assess her and the others’ preparedness for the pyramid stunt, and in failing adequately to instruct on its execution and on proper spotting technique.
DISCUSSION A. Defendant Thompson
Although the record initially submitted was inconclusive as to Thompson’s status with the University on the date of the accident, the supplementation adequately establishes that he was a W-2 employee and that his duties included coaching the cheerleading squad. He was, therefore, a “public employee” within the meaning of G.L.c. 258, §2, and as such is immune from suit. His motion for summaiy judgment is therefore allowed.
B. Universiiy of Massachusetts
The University argues that because the accident took place in the context of a sporting event, its *311 conduct ought to be assessed according to the rule of Gauvin v. Clark, 404 Mass. 450 (1989), and that under that rule, it cannot be held liable except upon a showing of willful, wanton or reckless conduct, which it contends is not made out on the record of this case.
Gauvin articulated the rationale for this heightened standard of liability as follows:
The problem of imposing a duty of care on participants in a sports competition is a difficult one. Players, when they engage in sport, agree to undergo some physical contacts which could amount to assault and battery absent the players’ consent. The courts are wary of imposing wide tort liability on sports participants, lest the law chill the vigor of athletic competition. Nevertheless, “some of the restraints of civilization must accompany every athlete onto the playing field.”
The majority of jurisdictions which have considered this issue have concluded that personal injury cases arising out of an athletic event must be predicated on reckless disregard of safety.
404 Mass, at 454 (citing several cases from other jurisdictions and Restatement (Second) of Torts §50 comment b and §500 comments e & g (1965)). Cases since Gauuinwhich arose out of a hockey gamehave applied this heightened standard of liability to non-contact sports, Gray v. Giroux, 49 Mass.App.Ct. 436, 439 (2000) (plaintiff golfer hit by another player’s drive), and to the liability of a hockey coach for allegedly inciting his players to engage in aggressive play against those on the opposing team. Kavanagh v. Trustees of Boston University, 440 Mass. 195, 204-05 (Mass. 2003).
The common theme of all of these decisions is the fostering of competitive play, by raising the legal bar high enough that competition will not be unduly chilled by the fear of liability.[1] That rationale is not implicated in this case, in which the plaintiff was not engaged in competition at the time of her accident, and where the supervision she advocates would not interfere with the activity she was engaged in, even had it been at a game or a cheerleading competition rather than a practice.
I do not read Gauvin and its progeny as suggesting that willfulness, wantonness or recklessness must be shown in every accident that takes place in or around a sporting event. So far as I am aware, no Massachusetts case has gone so far, and at least one SJC decision — albeit antedating Gauvin — appears directly antithetical to the University’s position. Everett v. Bucky Warren, Inc., 376 Mass. 280, 287-88 (1978) (school liable in negligence where coach supplied player with defective helmet): see also Moose v. Massachusetts Inst. of Technology, 43 Mass.App.Ct. 420, 425 (1997) (university and its track coaches liable in negligence to injured pole vaulter, where design of landing pit was unsafe and plaintiff was equipped with a training pole too light for his weight); Alter v. City of Newton, 35 Mass.App.Ct. 142 (1993) (claim by passerby struck by lacrosse ball, allegedly due to Town’s negligent failure to warn and/or to properly locate goal); Lautieri v. Bae, 17 Mass. L. Rptr. 4, 2003 WL 22454645 (Mass. Super. 2003; Fishman, J.) (claim against organizers of triathlon for negligence in course layout, signage, and supervision).
The application of a legal rule should not overreach its rationale. Applying, therefore, an ordinary negligence standard, the evidence — taken in the light most favorable to the plaintiff — would support a finding of liability. The University’s motion for summary judgment is therefore denied.
ORDER
For the foregoing reasons, the defendants’ Motion for Summary Judgment is ALLOWED as to defendant Kevin Thompson and DENIED as to the University of Massachusetts.

 Similar reasoning concerning the inherent risks of athletic and otherwise healthful pursuits, and the desirability of fostering these activities without undue fear of lawsuits, have informed the legislature in such enactments as the Massachusetts Ski Safety Act, G.L.c. 143, §§71N and 710 (see McHerron v. Jimny Peak, Inc., 422 Mass. 678 (1996)); the Massachusetts Equine Statute, G.L.c. 128, §2D; and the Recreational Use Statute, G.L.c. 21, §17C (see Ali v. City of Boston, 441 Mass. 233, 238-39 (2004)). The University cites no statute imposing a standard other than negligence on the activity out of which this case arises, nor does it argue for application to this case of any of the exemptions in c. 258, §10.