■ MARION THORP, Appellant-Respondent, v CHARLOTTE MAKUEN, Defendant, and FLOYD MAKUEN, Defendant and Third-Party Plaintiff-Respondent-Appellant. LINDA THORP, Third-Party Defendant.—In a negligence action to recover damages for personal injuries, in which the jury returned a verdict in favor of the plaintiff Marion Thorp and against the defendant Floyd Makuen and third-party defendant Linda Thorp and apportioned liability, the appeals are from (1) an order of the Supreme Court, Orange County, entered December 29, 1978, which set aside the verdict and ordered a new trial, (2) an interlocutory judgment of the same court, entered December 27, 1978, upon the verdict in favor of plaintiff, and (3) a further order of the same court, dated January 30, 1979, which denied plaintiff's motion to vacate the order of mistrial. Order dated January 30, 1979 reversed, on the law, and motion to vacate the order of mistrial granted; order entered December 28, 1979 vacated and verdict reinstated; case remanded to the Supreme Court, Orange County, for a trial on damages.

Interlocutory judgment affirmed. Cross appeals from the order entered December 29, 1978 dismissed in light of the determination on the appeal from order dated January 30, 1979. Plaintiff is awarded one bill of costs payable by defendant Floyd Makuen. After a trial on the issue of liability, but before the trial on damages, it was discovered that an unknown juror had made an unauthorized visit to the scene of the accident. It was not determined when this visit was made or how extensive an examination was made since this juror did not come forward when the jury was questioned by the trial court. During this *voir dire,* however, three other jurors came forward and stated that they had passed by the scene of the accident for legitimate reasons either at the time of the accident or during the trial. The trial court granted the defendant Floyd Makuen's motion for a mistrial and ordered a new trial on liability, reasoning that the said defendant was prejudiced by his inability to determine what prejudice, if any, occurred during the unknown juror's visit to the scene. We find such remedial action to have been improper. In view of the testimony and photographic evidence presented at trial by the plaintiff, the unauthorized view of the scene could not possibly have harmed Floyd Makuen. This determination is also bolstered by the fact that one of the jurors had actually viewed the scene at the time of the accident. Since no prejudice was suffered, a mistrial should not have been granted (see *Tanner v Stim,* 66 Misc 2d 1030). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.