■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DEAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered October 26, 1987, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the trial court's evidentiary rulings unduly restricted the presentation of testimony regarding his justification defense. We disagree. Contrary to the defendant's contention, the trial court acted within its discretion by precluding evidence which did not relate reasonably in time and quality to the justification defense *(see, People v Miller,* 39 NY2d 543, 551-552; *see also, People v Goetz,* 68 NY2d 96, 113; *People v Tumerman,* 133 AD2d 714, 715; *People v Stallings,* 128 AD2d 908, 909-910). At trial, the court permitted the defendant to testify that in the six months prior to the incident, the deceased had shown him a piece of pipe, a knife, and other items that he carried. He also testified that 2 or 3 days prior to the incident, the deceased showed him a long-handled knife, of a type used in a "meat house". Additionally, the defendant's apprehension of the deceased was addressed by the court in its charge on justification, wherein the court admonished the jury to "consider * * * that on prior occasions he [defendant] was aware that the victim allegedly carried a knife or some other weapon

on his person". Furthermore, the defendant's contention that the court improperly precluded him from offering evidence of the deceased's prior drunken condition to support his testimony that the deceased was the initial aggressor is likewise without merit *(see, People v Miller,* 39 NY2d 543, 548-549, *supra; People v Rodawald,* 177 NY 408, 423). The jury was fully apprised of the deceased's history of alcohol use through the expert testimony at trial, as well as through the testimony of the witnesses, including that of the defendant.

The defendant's contention that the trial court erred in failing to provide supplemental instructions on causation must similarly fail as there was no express request for such an instruction in the jury's note, nor was there any reason to infer from the note that the jury was confused or in further need of clarification *(see, People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Duncan,* 46 NY2d 74, 79, *cert denied* 442 US 910; *People v Mezzacapo,* 105 AD2d 808, 809). Moreover, there was no prejudice to the defendant warranting reversal on this ground, as the issue of causation was exhaustively presented during the expert testimony, and the court's initial charge on causation specifically instructed the jury to consider the defendant's contention that the deceased died as a result of delirium tremors.

The defendant contends that it was error to prevent him from explaining why he did not go to the police during the approximately three-week period between the incident and his arrest. "In the absence of explanation, the fact of departure and absence may in the light of surrounding circumstances permit inference of flight and be significant of consciousness of guilt" *(People v Stilwell,* 244 NY 196, 199; *see, People v Allen,* 61 AD2d 619, *affd* 48 NY2d 760). In the case at bar, however, there was no absolute preclusion of evidence regarding the defendant's reason for his flight. The defendant did provide an alternative explanation for not turning himself into the police, namely, that after the incident he "tried to get a grip on what was happening", and ended up going to Brooklyn, where he once lived and where he had friends. Further, any error was rendered harmless by the overwhelming evidence of guilt, as well as by the court's charge admonishing the jury not to consider the defendant's failure to turn himself in to the police as bearing on the question of guilt *(People v Crimmins,* 36 NY2d 230, 242).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.