[603 NYS2d 189]

CHRISTINE GAIN et al., as Coadministratrices of the Estate of KARL W. HAEUSSEL, JR., Deceased, Appellants-Respondents, v EASTERN REINFORCING SERVICE, INC., et al., Respondents-Appellants.

Third Department, October 28, 1993

### APPEARANCES OF COUNSEL

*Rosenblum, Ronan, Kessler & Sarachan,* Albany *(George L. Sarachan* of counsel), for appellants-respondents.

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski,* Albany *(Susan DiBella Harvey* of counsel), for Eastern Reinforcing Service, Inc. and others, respondents-appellants.

*Hiscock & Barclay,* Albany *(Robert L. Adams* of counsel), for Niagara Mohawk Power Corporation, respondent-appellant.

### OPINION OF THE COURT

MAHONEY, J.

Karl W. Haeussel, Jr. (hereinafter decedent) was electrocuted when, while assisting defendant Joe Sokol, an employee of defendant Eastern Reinforcing Service, Inc. (hereinafter Eastern), in removing a truckload of steel rings, the wire cable of the boom truck Sokol was using to lift the rings off decedent's delivery truck came in contact with an overhead high-voltage power line. This accident furnished the occasion for the instant suit against Eastern, its president Kathleen Rivette, supervisor Ronald Rivette (hereinafter collectively referred to as the Eastern defendants), Sokol and Niagara Mohawk Power Corporation. Recovery was premised upon the theory of common-law negligence and upon the novel theory that defendants' actions violated Labor Law § 202-h, the "High-Voltage Proximity Act", which, according to plaintiffs, creates a statutory cause of action imposing absolute liability.[1]

---

1. Labor Law § 202-h provides for civil penalties of up to $1,000 per day upon any employer, self-employed individual, independent contractor or homeowner who, without taking certain delineated precautions, "participate[s] in the operation, erection, transportation, handling, or storage of any tools, machinery, equipment, supplies, materials or apparatus, or the mov-

Following joinder of issue and the completion of discovery, plaintiffs, the administratrices of decedent's estate, moved for summary judgment on the issue of liability and, in addition, sought further deposition of Kathleen Rivette. Defendants opposed with Sokol and the Eastern defendants additionally cross-moving for summary judgment dismissing the statutory cause of action on the ground that Labor Law § 202-h does not create a private right of action. Supreme Court partially granted plaintiffs' motion, directing summary judgment against Niagara Mohawk and the Eastern defendants on the issue of their liability under section 202-h, denied the motion for summary judgment against Sokol and denied the cross motion. It did not address the motion for further deposition. These cross appeals ensued.

Addressing first the Labor Law § 202-h claim, while the violation of a statute may give rise to absolute liability, it is axiomatic that not every statute that commands or prohibits particular conduct is within the principle of absolute liability. To qualify, the statute must evidence "an intention express or implied that from disregard of [its] command a liability for resultant damages shall arise 'which would not exist but for the statute' " *(Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 305, quoting *Shepard Co. v Taylor Publ. Co.,* 234 NY 465, 468; see, *Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, 103; *see generally,* 79 NY Jur 2d, Negligence, §§ 60-68, at 388-399). Here, it is evident from a reading of Labor Law § 202-h in its entirety that no private right of action expressly is authorized.[2] That being the case, the existence of such a right turns upon whether it fairly can be implied from a reading of the statute *(see, e.g., Sheehy v Big Flats Community Day,* 73 NY2d 629, 633; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314). Of central significance in this inquiry are three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the

ing of any building, if in the course of such [activity] it is possible for such [devices] to come within dangerous proximity of a high-voltage line; or participate[s] in any activity which would cause [him] to come within dangerous proximity of a high-voltage line" (Labor Law § 202-h [3] [a]).

2.    The sole penalty provided for in the statute is a civil penalty of up to $1,000 per day recoverable by the Commissioner of Labor in an administrative enforcement proceeding (Labor Law § 202-h [6], [7]).

legislative scheme" *(Sheehy v Big Flats Community Day, supra,* at 633; *see, CPC Intl. v McKesson Corp.,* 70 NY2d 268).

While decedent may well be a member of the broad class of persons for whose benefit Labor Law § 202-h was enacted, a review of legislative history persuades us that an implied private action is not consistent with the legislative scheme. The stated purposes of Labor Law § 202-h are to provide more stringent and specific safety standards than those provided by the Federal Occupational Safety and Health Administration (hereinafter OSHA) *(see,* 29 CFR 1910.268) in an effort to avoid accidents endangering both persons and "the quality of electrical service" (L 1988, ch 469, § 1; mem of Sen Lack, 1988 NY Legis Ann, at 194), to give the Commissioner of Labor enforcement power to ensure compliance and to make clear who must bear the cost of moving power lines when necessary *(see generally,* Governor's approval mem, Bill Jacket, L 1988, ch 469). In our view, the inescapable conclusion to be drawn from this and from a plain reading of the statute is that the legislative goal is not to establish a vehicle for the compensation of persons injured by high-voltage electricity, but rather to achieve the *prevention* of such injuries through the imposition of generally applicable safety standards and the creation of a mechanism by which the Commissioner of Labor would have broad regulatory and remedial powers to intervene in an effort to insure compliance. In this regard, Labor Law § 202-h stands in stark contrast to the absolute liability provisions of Labor Law § 240 (1), the stated purpose of which is not the prevention of injury through administrative enforcement but rather the imposition of responsibility upon certain individuals for failure to provide adequate safety measures *(see,* mem of Sen Calandra and Assembly Member Amann, 1969 NY Legis Ann, at 407), and is more akin to the OSHA high-voltage regulations (29 CFR 1910.268). The OSHA regulations consistently have been construed as not according a private right of action *(see, e.g., Jeter v St. Regis Paper Co.,* 507 F2d 973).

Nor do we agree with Supreme Court's apparent conclusion that Labor Law § 202-h creates a statutory standard of care the violation of which constitutes negligence per se. While, concededly, a statute which does not impose a civil remedy for its violation may indeed be recognized as impliedly creating a statutory standard of care, whether such will be imposed in a particular case devolves into a question of legislative intent; more specifically, whether the underlying policy of the legisla-

tion is the protection of a certain class of individuals and whether judicial recognition of a statutory standard will further that policy of protection *(see, Dance v Town of Southampton,* 95 AD2d 442, 445-446; *see also, Taylor v Botnick Motor Corp.,* 146 AD2d 81, 83). Here, not only are the protections of Labor Law § 202-h not circumscribed to a certain class of persons, but in view of the fact that the Legislature quite clearly did not intend section 202-h as a vehicle for civil liability, it is difficult to see how granting negligence per se status to the violation of its terms can be found consistent with its purpose.

While under the foregoing analysis plaintiffs' cause of action based upon Labor Law § 202-h must be dismissed, the complaint nonetheless does state a viable cause of action in common-law negligence. Moreover, based upon our review of the record, we conclude that sufficient questions of fact exist to warrant a trial on the issue of whether the relevant conduct of all the parties to this action warrants a finding of liability against them under common-law negligence principles.

Finally, in regard to plaintiffs' motion for further deposition of Kathleen Rivette, inasmuch as Supreme Court did not address this motion and the instant record on appeal is insufficient for us to resolve this issue, this portion of the motion is remitted to Supreme Court for its determination.

WEISS, P. J., MERCURE, CARDONA and CASEY, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for partial summary judgment against defendants Niagara Mohawk Power Corporation, Eastern Reinforcing Service, Inc., Ronald Rivette and Kathleen Rivette on their Labor Law § 202-h cause of action and denied defendants' cross motion regarding said cause of action; motion denied and cross motion granted to that extent and said cause of action is dismissed, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.