■ JACK SOMMA et al., Appellants, v JOHN SEMINARIO et al., Respondents. [619 NYS2d 138] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of Supreme Court, Suffolk County (Cohalan, J.), entered January 8, 1993, which, upon a jury verdict, is in favor of the defendants and against the plaintiffs dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs brought this action against the defendants after the plaintiff, Jack Somma, injured himself when he either slipped or dove into the defendants' swimming pool. The plaintiffs claimed that Jack Somma had fallen into the pool due to the "smooth, slick and very slippery" surface of the coping. The jury rendered a verdict upon interrogatories, the first of which asked, in relevant part, if "the plaintiffs prove[d] * * * that the defendants were negligent in their ownership, operation, maintenance, supervision *and* control of the premises" (emphasis supplied). In addition, the trial court used similar language in the jury charge.

While the interrogatory was clearly erroneous, by creating a conjunctive five-fold burden, when considered in conjunction with the charge as a whole, it did not create substantial confusion for the jury. Both the interrogatory and the jury charge were in easily understandable language and precisely related to the negligence cause of action. A new trial is not warranted absent evidence of substantial confusion (*see, Scaduto v Suarez,* 150 AD2d 545). Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.