■ DEBORAH R. McLOUGHLIN et al., Respondents, v EILEEN ACHILLES, Appellant, et al., Defendant. (Action No. 1.) HERBERT L. SMITH, Respondent, v JOSEPH CAFIERO, Defendant, and EILEEN ACHILLES, Appellant. (Action No. 2.) [654 NYS2d 616] —In two actions to recover damages for personal injuries, etc., the defendant Eileen Achilles appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), entered September 21, 1995, as, after a joint trial on the issue of liability only, granted the plaintiffs' respective motions to set aside the jury verdict in her favor and granted a new trial against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the verdict in favor of the defendant Eileen Achilles in Action Nos. 1 and 2 is reinstated, the action against the remaining defendants is severed, and the matters are remitted to the Supreme Court, Richmond County, for the entry of judgment thereon.

The actions arose from a four-car chain reaction collision in which the defendant Eileen Achilles stopped her car short, allegedly to avoid hitting an unidentified car that had cut her off. The plaintiff in Action No. 1, Deborah Raisley McLoughlin, who was driving behind Achilles, also stopped short. The plaintiff in Action No. 2, Herbert Smith, who was driving behind McLoughlin, claimed that he stopped without hitting McLoughlin but was pushed into McLoughlin's car by the car behind him which was driven by Joseph Cafiero, a defendant in both actions. The jury found Achilles and Cafiero not liable in both actions. The plaintiffs in each action moved to set aside the jury verdict, and the court granted the motion and directed that a new trial be held. Only Achilles appeals.

A jury verdict will not be set aside unless it could not have been reached on any fair interpretation of evidence, or, where the record indicates substantial confusion among the jurors, because of errors in the charge and verdict sheet (*see,* CPLR 4111 [c]; *Policastro v Savarese,* 171 AD2d 849, 852; *Nicastro v Park,* 113 AD2d 129; *Cortes v Edoo,* 228 AD2d 463; *see also, Figueroa v City of New York,* 84 AD2d 572). Under the facts of this case, the jury could reasonably have found that actions of Achilles were not a proximate cause of the injuries to the two plaintiffs behind her.

Moreover, the plaintiffs' claim that the jury was confused by the charge and by the apportionment of fault section in the single verdict sheet is without merit. The court's instruction and the verdict sheet required only that the jury assign a percentage of fault as to each defendant if both defendants were found to be liable. By finding no liability as to Achilles, no apportionment was necessary. The two requests made by the jurors during their deliberations did not hint at jury confusion, but indicated a careful weighing of the evidence. We note that the use of the jurors' post-discharge affidavits by the McLoughlins to attack the verdict is improper (*see, Russo v Jess R. Rifkin, D.D.S., P. C.,* 113 AD2d 570). Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.