■ JOHN BLASZCZYK et al., Appellants, v JAMES RICCIO, Respondent. [698 NYS2d 730] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Berke, J.), dated December 9, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To impose liability upon a landowner for injuries resulting from an allegedly defective condition, the plaintiff must establish that the landowner either created or had actual or constructive notice of the defective condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Freeman v Cobos,* 240 AD2d 698). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it.

There is no evidence that the defendant created, or had actual or constructive notice of, the allegedly defective condition. In fact, at his own examination before trial, the injured plaintiff testified that the tiles on which he slipped appeared to be in place as he approached the staircase. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.