(*see* CPLR 5501 [a] [1]; *O'Donnell v Calderon,* 293 AD2d 457 [decided herewith]). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.

■ MICHAEL J. O'DONNELL, Respondent-Appellant, v JODIE M. CALDERON et al., Appellants-Respondents. [740 NYS2d 374] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered February 21, 2001, which, upon a jury verdict finding that the plaintiff had sustained damages of $25,000 for past pain and suffering and $5,000 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $30,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as awarded him the sum of only $5,000 for future pain and suffering.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

Following the completion of the presentation of the evidence, the jurors received a set of written interrogatories which required yes or no answers on three questions relating to the issue of whether the plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d). The jury was instructed that if it answered no to all three questions, it should stop and report its verdict. Further, the jury was instructed that it could ask questions of the court if any members did not understand the instructions concerning the interrogatories. The jury subsequently indicated that it had a verdict, having never requested further instructions on the issue of what constituted a serious injury. The court clerk asked the jury to report its answer to each of the three interrogatories concerning serious injury and the jury answered no to each. The matter should have ended there. However, without any prompting or direction by the court or counsel, the clerk asked the jury if it had answered any questions beyond number three and the foreperson answered in the affirmative. Over the objection of the defendants, the jury was sent back to the jury room for further deliberations. The jury subsequently answered affirmatively to one of the interrogatories regarding serious injury and awarded the plaintiff damages for past and future pain and suffering.

Contrary to the plaintiff's contention, the trial court should have accepted the jury verdict as final once it answered the first three interrogatories in the negative. A court has the power to inquire into an imperfect or incomplete verdict or if there was substantial confusion or ambiguity in the verdict (*see Sharrow v Dick Corp.,* 86 NY2d 54; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 97 AD2d 503, *affd* 62 NY2d 969). Also, in order for a court to make further inquiries, the answers to the interrogatories must be shown to be internally inconsistent (*see Roberts v County of Westchester,* 278 AD2d 216). Here, the jury gave clear and definitive answers to the first three interrogatories and those answers were not internally inconsistent. The jury neither requested clarification concerning the legal standards regarding what constituted a serious injury nor requested assistance in understanding the verdict sheet. The clerk's unsolicited question to the jury was superfluous at best, and did not change the fact that the jury had already determined that whatever injury the plaintiff may have received was insufficient, or not of the nature for which monetary damages should be awarded. Accordingly, the judgment must be reversed and the complaint dismissed (*see Sharrow v Dick Corp., supra; Pogo Holding Corp. v New York Prop. Ins. Underwriters Assn., supra; cf. Cortes v Edoo,* 228 AD2d 463; *see generally* CPLR 4404 [a]).

The remaining contentions raised by the parties are either academic or need not be addressed in light of our determination. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.