■ Nɪᴄᴋ Pᴀᴠʟᴏᴜ et al., Appellants-Respondents, v Cɪᴛʏ ᴏꜰ Nᴇᴡ Yᴏʀᴋ, Respondent-Appellant, et al., Defendant and Third-Party Plaintiff. Fᴇʟɪx Iɴᴅᴜsᴛʀɪᴇs, Third-Party Defendant-Respondent. (And Another Action.) [752 NYS2d 619] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about April 17, 2001, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of defendant construction site owner's liability under Labor Law § 240 (1), granted the owner's motion for summary judgment insofar as addressed to plaintiff's Labor Law § 240 (1) and § 241 (6) claims, and denied the owner's motion for summary judgment insofar as addressed to plaintiff's Labor Law §§ 200 and 213 claims, plaintiff's wife's loss of consortium claim, and the owner's cross claim for indemnification against third-party defendant contractor, also plaintiff's employer, and order, same court and Justice, entered on or about September 24, 2001, which, inter alia, denied plaintiff's motion to renew, unanimously modified, on the law, to reinstate plaintiff's Labor Law § 241 (6) claim and dismiss his Labor Law § 213 claim, and otherwise affirmed, without costs.

Plaintiff was moving a steel plate from one pile of steel plates at ground level to another such pile 10 feet away with the use of a boom crane affixed to the back of a flatbed truck owned by his employer. At a point when the crane was extended 30 feet in the air, the boom suddenly broke off and fell on plaintiff. Plaintiff's Labor Law § 240 (1) claim was properly dismissed because this is not a case involving the use of a crane "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]).

Plaintiff's section 241 (6) cause of action should not have been dismissed since there are issues of fact as to: (1) whether the crane in question was provided with a capacity chart setting for the safe loads that could be hoisted (12 NYCRR 23-8.2

[g] [2] [i]); (2) whether the load plaintiff was attempting to lift at the time of the accident exceeded the maximum capacity specified by the crane's capacity chart (12 NYCRR 23-8.2 [g] [2] [iii]); and (3) whether these alleged violations were a proximate cause of plaintiff's injuries. Issues of fact bearing upon the owner's supervisory control over the work site and possible defects in the crane warrant retention of plaintiff's section 200 claim against the owner (*see Freitas v New York City Tr. Auth.*, 249 AD2d 184, 187) and the owner's cross claims for indemnification against plaintiff's employer.

Plaintiff's claim under Labor Law § 213, interposed in the bill of particulars, should have been dismissed. Labor Law § 213 defines as a misdemeanor the violation of any provision of the Labor Law or any rule, regulation or lawful order of the Industrial Commissioner. A private cause of action may be implied from a statute if we determine "that the remedy is appropriate in furtherance of the purpose of the provision and needed to assure its effectiveness" (*Brown v State of New York*, 89 NY2d 172, 187). Given the availability of civil remedies in article 10 of the Labor Law for the conduct alleged by plaintiff, an implied private cause of action under section 213 would be neither appropriate nor necessary (*cf. Walck Bros. AG. Serv. v Suburban Pipeline Co.*, 259 AD2d 1004, 1005 [no implied cause of action for alleged violations of Labor Law article 8]; *Gain v Eastern Reinforcing Serv.*, 193 AD2d 255, 257 [no implied cause of action for alleged violations of Labor Law article 7]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.