█ MOHAMMAD SALIM, Appellant, v STEVE GOMEZ et al., Respondents. [797 NYS2d 307]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated October 15, 2003, which, upon a jury verdict, and upon an order of the same court dated September 10, 2003, denying his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and on the ground that it was the product of substantial confusion among the jurors, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the plaintiff's motion to set aside the jury verdict finding that the defendants were not negligent. A verdict should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Here, the jury's finding that the plaintiff failed to establish that the defendants were negligent was based upon a fair interpretation of the evidence presented.

Contrary to the plaintiff's contentions, the record fails to demonstrate that the verdict should have been set aside on the ground that it was the product of substantial confusion among the jurors (*see O'Donnell v Calderon*, 293 AD2d 457, 458 [2002]; *McLoughlin v Achilles*, 236 AD2d 524, 525 [1997]). S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.