(March 14, 2006)

■ MARIA ARTUSA, Appellant, v COSTCO WHOLESALE, Respondent. [811 NYS2d 761]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), dated February 14, 2005, which, upon a jury verdict in favor of the defendant and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

"A verdict should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence" (*Salim v Gomez,* 20 AD3d 410 [2005]; *see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]). Contrary to the plaintiff's contention, the trial court properly denied her motion to set aside the verdict in this case, since there was a fair interpretation of the evidence to support the conclusion that the defendant's personnel exercised reasonable care under the circumstances presented, and that the defendant therefore was not negligent.

The plaintiff's contention that the verdict was internally inconsistent and the product of juror confusion is similarly unavailing. The jury rationally could have found that neither party was negligent and that the plaintiff's injury merely resulted from an unfortunate accident. Moreover, the record is devoid of any indication that the jurors were substantially confused and thus failed to render a verdict based upon an adequate consideration of the evidence (*see McElroy v Yousuf,* 268 AD2d 733 [2000]; *Moisakis v Allied Bldg. Prods. Corp.,* 265 AD2d 457 [1999]; *Somma v Seminario,* 209 AD2d 687 [1994]). Accordingly, the verdict provided no basis for resubmission of the case to the jury or for a new trial.

Finally, the procedure followed by the trial court in this case was proper (*cf. O'Donnell v Calderon,* 293 AD2d 457 [2002]), and the plaintiff was not prejudiced thereby. Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.