■ CYNTHIA SOTO, Respondent-Appellant, v DOMINICK R. FAMULARI, Appellant-Respondent. [814 NYS2d 193]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Rockland County (Vitaliano, J.), entered March 7, 2005, which, upon a jury verdict on the issue of liability finding him 70% at fault in the happening of the accident and finding the plaintiff 30% at fault, and upon denying his motion to set aside so much of the verdict as found him 70% at fault, is in favor of the plaintiff and against him in the principal sum of $47,600 (70% of $68,000), and the plaintiff cross-appeals from the judgment which, upon denying her motion to set aside so much of the verdict as found her 30% at fault, is in her favor and against the defendant in the principal sum of only $47,600.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff slipped and fell on the exterior stairway of the home in which she lived and commenced this action against the

defendant owner, alleging, inter alia, negligent maintenance of the stairway. The evidence, including photographs, established that, for several months before her accident, the step that caused the plaintiff to fall had a crack in it, running from the back base of the step towards the front part of the step. The evidence also established that a piece of the step dislodged when the plaintiff stepped on it. The jury initially returned a verdict finding the defendant negligent and finding that his negligence was the proximate cause of the plaintiff's injuries. The jury also found the plaintiff negligent, but found that her negligence was not a substantial cause of her injuries.

The defendant moved to set aside the verdict as inconsistent. Concluding that the verdict as to the plaintiff might contain "a potential inconsistency," the Supreme Court recharged the jury as to negligence and proximate cause. After deliberation, the jury returned a verdict finding the defendant 70% at fault for the happening of the accident and finding the plaintiff 30% at fault. The plaintiff moved to set aside so much of the verdict as found her 30% at fault and the defendant moved to set aside so much of the verdict as found him 70% at fault. The Supreme Court denied both motions. We affirm.

The defendant contends that the jury verdict should have been set aside as against the weight of the evidence because the plaintiff failed to prove that he had notice of the defective step. "A verdict should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence" (*Salim v Gomez*, 20 AD3d 410, 410 [2005]). "To impose liability upon a landowner for injuries resulting from an allegedly defective condition, the plaintiff must establish that the landowner either created or had actual or constructive notice of the defective condition" (*Blaszczyk v Riccio*, 266 AD2d 491, 491 [1999]).

To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (*Anderson v Central Val. Realty Co.*, 300 AD2d 422, 422 [2002]; *see Kershner v Pathmark Stores,* 280 AD2d 583, 583-584 [2001]). A jury could reasonably have found that the defendant had actual or constructive notice of the defective stairway. The defendant admitted being on the premises at least two or three times in September 2001. The plaintiff testified to noticing the "slice" or crack in the third step from the back base to the front part of the step in June or July of 2001. Other witnesses testified that the step was "split" or "broken"

several months before the accident. A jury could reasonably infer that the defendant also had notice of the condition because he was on the premises and because it existed for a sufficiently long time for him to remedy the condition (*see O'Neill v Julav Realty*, 2 AD3d 194, 195 [2003]; *Taylor v New York City Tr. Auth.*, 63 AD2d 630, 630 [1978] *affd* 48 NY2d 903 [1979]). The court therefore properly denied the defendant's motion to set aside the verdict.

The plaintiff contends that so much of the verdict as found her 30% at fault should have been set aside, as it resulted from the Supreme Court's incorrectly recharging the jury and was against the weight of the evidence.

A trial court has broad discretion in determining whether to send the jury back for further deliberation (*see Sharrow v Dick Corp.*, 86 NY2d 54, 62 [1995]; *see also* 8A Carmody-Wait 2d § 57:53). A court has the power to inquire into "an 'imperfect or incomplete' verdict" before discharge of the jury or "if there was substantial confusion or ambiguity in the verdict" (*Sharrow v Dick Corp., supra* at 60). "[I]n order for a court to make further inquires, the answers to the interrogatories must be shown to be internally inconsistent" (*O'Donnell v Calderon*, 293 AD2d 457, 458 [2002]; *see Sharrow v Dick Corp., supra; Mateo v 83 Post Ave. Assoc.*, 12 AD3d 205, 206 [2004]).

In view of the trial court's broad discretion (*see Sharrow v Dick Corp., supra*), the trial court here did not err in recharging the jury and sending it back to deliberate on the questions of the plaintiff's negligence and whether the plaintiff was the proximate cause of her own injury.

Furthermore, "[o]n reconsideration, [a] jury [is] free to substantively alter its original statement so as to conform to its real intention, and [is] not bound by the terms of [the] original verdict" (*Mateo v 83 Post Ave. Assoc., supra* at 206 [internal quotation marks omitted]). The jury could have reasonably apportioned the plaintiff's fault at 30% due to her negligence in stepping on the crack in the step despite her awareness of the condition. Adams, J.P., Ritter, Rivera and Covello, JJ., concur.