[868 NE2d 186, 836 NYS2d 506]

NICK PAVLOU et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant and Third-Party Plaintiff. FELIX INDUSTRIES, INC., Third-Party Defendant-Respondent. (And Another Action.)

Decided May 3, 2007

### APPEARANCES OF COUNSEL

*Hancock & Estabrook*, Syracuse (*Alan J. Pierce* of counsel), for appellants.

*Quirk and Bakalor, P.C.*, New York City (*Timothy J. Keane* of counsel), for respondent.

*Lester Schwab Katz & Dwyer, LLP*, New York City (*John Sandercock* of counsel), for Felix Industries, Inc., third-party defendant-respondent.

*Callan, Koster, Brady & Brennan, LLP*, Uniondale (*Michael P. Kandler* of counsel), for Hampton C.F. Corp., third-party defendant-respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

In this personal injury case arising from the collapse of a crane on a construction site, the jury found that the operation of the crane with an excess load, in violation of Industrial Code (12 NYCRR) § 23-8.2 (g) (2) (iii), amounted to negligence but that this was not a proximate cause of the injury suffered by plaintiff. Experts testified at trial that the crane had a preexisting crack that made it unsafe to operate with any load. The

jury's finding that the collapse was caused by the defect in the crane, and not the size of the load, was therefore supported by record evidence. Based on the proof, issues of negligence and causation were not inextricably interwoven in this case and the jury verdict, which did not apportion any liability to the City of New York, was not inconsistent (*cf. Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 41 [1980]). Because the Appellate Division did not abuse its discretion when it reversed Supreme Court's order granting a new trial, further consideration of plaintiffs' arguments is beyond our review power (*see Levo v Greenwald*, 66 NY2d 962, 963 [1985]). Finally, in this procedural context, this Court may not review the December 2002 nonfinal Appellate Division order (300 AD2d 120 [2002]) on this appeal from the June 2005 order (*see Weinberg v Hertz Corp.*, 69 NY2d 979, 981 [1987]; CPLR 5713, 5501 [a] [1]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, etc.