[901 NYS2d 161]

Antonio Martinez, Respondent, v Alexis E. Te, Appellant.

First Department, April 27, 2010

2

## APPEARANCES OF COUNSEL

*Heidell, Pittoni, Murphy & Bach, LLP*, New York City (*Daniel S. Ratner* of counsel), for appellant.

*Law Offices of Mark R. Bower, P.C.*, New York City (*Mark R. Bower* of counsel), for respondent.

## OPINION OF THE COURT

CATTERSON, J.

The trial court's decision to set aside, sua sponte, a jury verdict for the defendant in a medical malpractice trial on the basis of juror confusion was plain error. Consequently, for the reasons set forth below, the decision is reversed and the verdict reinstated.

The plaintiff commenced the instant medical malpractice action for injuries allegedly suffered during the defendant's performance of "water induced thermo-therapy" (hereinafter referred to as WIT) to treat the plaintiff's enlarged prostate. The case was ultimately tried to a jury, which, during deliberations, sent a series of notes.

The first note, at 11:20 A.M., asked for the defendant Dr. Te's testimony, and the second note, at 11:50 A.M., requested Dr. Te's

records. The plaintiff contends that these two notes demonstrated the jury's misapprehension of the distinction between documentary proof and testimony. Dr. Te maintains that the foreman clarified the request in the first note to indicate that the jury actually sought his medical records, which resulted in the second note.

The third note, at 1:00 P.M., inquired: "Are there any exhibits in evidence that refer to the accepted standard of care for the WIT procedure?" The trial court responded: "No, there are no documents in evidence except for the standard. You have to go to the testimony of any and all doctors who covered that, that area." The plaintiff did not object to this response, or ask that the jury be questioned about the note. Following the court's responses, the jury did not seek further clarification.

At 3:15 P.M., the jury returned a verdict for Dr. Te. During polling, one juror, regarding the first interrogatory (whether Dr. Te departed from accepted standards of care by performing the WIT on plaintiff in view of the size of his middle lobe), responded "Yes, because we don't have the actual—well, I say yes and why, because I say no, because we don't have the standard procedures to go for." The court responded "there was a question from the jury asking for anything, any documents setting forth the standard. There were none." The juror responded "[t]here weren't, so." Again, plaintiff sought no clarification of the juror's statements nor made any objections prior to the jury being discharged.

Several months later, the plaintiff moved to set aside the verdict. The plaintiff argued that the proof of liability was "overwhelming," in contrast to Dr. Te's "weak defense." The plaintiff argued that Dr. Te conceded that it was a reasonable conclusion that the "impassable" stricture in the urethra was caused by the hot water therapy. The plaintiff concluded that this concession weakened the defense, especially in view of Dr. Kaminetsky's evidence that the stricture was in the bulbar urethra and Dr. Cohen's testimony that the stricture was caused by the misplacement of the catheter during the WIT procedure. Hence, the plaintiff argued that the verdict was inconsistent with the weight of the evidence.

The plaintiff also challenged the court's failure to provide a circumstantial evidence charge. The plaintiff claimed that the jury was confused by the absence of a circumstantial evidence charge, so that it did not know how to evaluate evidence regarding the standard of care and that the omission of the charge "fostered" the deficient verdict.

4

Attached to the plaintiff's reply affirmation in support of the motion was an affidavit by Jorge Price, a member of the jury: apparently the one who had made the statement at the time of the verdict. Mr. Price averred that "the jury had a very hard time understanding the questions" on the verdict sheet. Mr. Price further averred that he thought the jury needed a document or statute that set forth the standard of care, and opined that the verdict would have been for the plaintiff had the jury known what the standard was. Mr. Price further stated that he believed that the plaintiff was entitled to be compensated by Dr. Te, "but that was not what the questions asked." Mr. Price opined that the jury was confused because the court's instructions did not specify the standard of care and asserted that "I didn't know how to use the evidence we had to answer the questions."

The court granted the motion to set aside the verdict. The court held that it declined to provide a circumstantial evidence charge because there was direct evidence consisting of trial testimony, depositions and expert reports. The court made no findings with respect to plaintiff's weight of the evidence challenge to the verdict. Rather, the court proclaimed that it was "stunned" by the "last question asked by the jury" regarding whether there was a "manual for the operation in question [which] was allegedly disregarded." The court characterized this as "the jury . . . looking for something out of the Vehicle and Traffic Law, and when the job was not made easy, it folded its collective tent" and returned a defense verdict. The court held that in doing so, "the jury did not follow any of the instructions, pre or post trial, to truly try the issues before it." The court concluded that the verdict resulted from "what I called jury confusion."

The court specifically declined to consider the Price affidavit, but then made findings that explicitly "mirrored" Price's assertions. In finding that the jury had been "thoroughly confused," the court cited to *Dinino v D.A.T. Constr. Corp.* (267 AD2d 148 [1st Dept 1999]) and *Borovskaya v Herskovic* (300 AD2d 331 [2d Dept 2002]). Furthermore, the court's interpretation of its own response to the third jury note was that the jury, prospectively, "was to review the testimony of the witnesses, in particular the experts, to decide whether there had been a departure." Since the jury returned a quick verdict, the court concluded that the jury had "abdicat[ed]" its responsibility and had "[given] up trying to reach a verdict" and that plaintiff had been deprived of "substantial justice," thus requiring a new trial.

Initially, we note that the bulk of the plaintiff's arguments are unpreserved. The absence of any objection or request for clarification with regard to the court's response to the jury note, or to the verdict (*Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 220 [1st Dept 2007]; *Maione v Pindyck*, 32 AD3d 827, 829 [2d Dept 2006]), on the basis that the jury was "confused," prior to the jury being discharged, has deprived this Court of an adequate record to review the claim. If the verdict had been questioned at that time, the matter could have been promptly resolved. Hence, the court, in setting aside the verdict on the basis asserted, necessarily deprived Dr. Te of an opportunity to address the claim when it could have been resolved prior to the jury being discharged.

However, the trial court ruled on a ground not asserted in the plaintiff's motion. Plaintiff argued therein that the jury was deprived of a circumstantial evidence charge, which misled it in evaluating the evidence. The court clearly answered why no circumstantial evidence was provided—this was a direct evidence case. That branch of the court's ruling is correct and resolved the plaintiff's claim connecting the omission of the charge and consequential jury confusion.

Having rejected that claim, this left only the branch of the motion that the verdict was against the weight of the evidence. As to this branch of the motion, the trial court made no findings at all. Since the court made no findings that the verdict was against the weight of the evidence and the claim is unpreserved, we decline to review it.

The court, sua sponte, construed from the fact that the verdict was returned, in the court's characterization, almost immediately after the third jury note (actually, more than two hours had elapsed) that the jury must have failed to carefully consider the evidence. As noted above, the court in its decision interpreted its response to the third jury note as imposing prospective obligations on the jury—that it was required to go back through all the relevant testimony—but such a directive was not apparent in its response to the third note. Rather, the record reflects that the court had merely informed the jury that whatever evidence defined the standard was to be found in the testimony, and that there were no documents that referenced the appropriate standard of care.

The court connected the jury's purported abdication of its responsibility to its further finding that the jury was confused. The court buttressed this finding with the unclear statement by

a single juror during polling (as to which plaintiff made no objection, and sought no clarification), which was not joined by any other juror. No other basis for the alleged confusion by the jury, in toto, was set forth in the record or in the order and decision under review. The court rejected the juror affidavit, but nonetheless found that the juror's assertions mirrored its own "misgivings."

The court thus vacated the verdict solely on the basis of its own speculation and surmise. It is beyond dispute that courts should refrain from speculating about the jury's deliberative processes. (*Bustamante v Westinghouse El. Co.*, 195 AD2d 318 [1st Dept 1993].) There was no record basis for the court's conclusion that the jury was confused, and, additionally, that it abdicated its responsibility. Contrary to the court's conclusion that the jury did not "try" to reach a verdict, the jury, in fact, reached a unanimous verdict, even if quickly.

There was a basis in the record for the jury to conclude that Dr. Te had not departed from the standard of care by performing the WIT procedure. The testimony consisted of a battle of experts. The jury obviously credited Dr. Te's very precise, detailed, testimony regarding the standards pertinent to the WIT procedure, rather than the plaintiff's experts' more general opinion evidence that the procedure should not have been performed. It is axiomatic that the verdict should be set aside only if it cannot be sustained by any fair interpretation of the evidence. (*Artusa v Costco Wholesale*, 27 AD3d 499 [2d Dept 2006].)

Furthermore, the court's conclusion that the jury was confused, even if it had not been speculative, would afford very limited relief. Before a new trial is ordered on the basis of juror confusion, it must be shown that the jury was "substantially confused" by the verdict sheet and the charge and thus was unable to make a proper determination upon adequate consideration of the evidence. (*Harmon v BIC Corp.*, 16 AD3d 953, 954 [3d Dept 2005] [internal quotation marks and citation omitted].) Whether or not the jury was confused presents factual issues, rather than a solely legal issue which otherwise might avoid preservation requirements. (*Beltz v City of Buffalo*, 61 NY2d 698 [1984].) We must necessarily rely on the factual record which was developed. (*Cf. Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21 [1st Dept 2008].) There is no indication on this record that the jurors, collectively, were substantially confused and abdicated their responsibilities to consider the evidence.

(*Artusa,* 27 AD3d at 500.) Juror affidavits should not be used to impeach a jury verdict absent extraordinary circumstances. (*Mosher v Murell,* 295 AD2d 729, 731 [3d Dept 2002], *lv denied* 98 NY2d 613 [2002].) These circumstances are not present herein.

In the present case, the single question in the third note did not manifest jury confusion. (*Id.*) Rather, it is clear from the record that the jury was satisfied with the court's response to the jury note and needed no further clarification. (*See Zawadzki v 240 E. 76th St. Condominium,* 290 AD2d 551 [2002].) Finally, the three notes, when read seriatim, reflected no confusion by the jury; in particular, the court correctly answered the third jury note and there were no further requests by the jury for clarification, underscoring the absence of confusion by the jury that would have resulted in a defective verdict. (*See People v Malloy,* 55 NY2d 296, 302 [1982]; *People v Dean,* 162 AD2d 699 [2d Dept 1990], *lv denied* 76 NY2d 855 [1990].)

Accordingly the order of the Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered on or about August 5, 2009, which granted plaintiff's motion to set aside the verdict, should be reversed, on the law, the motion denied and the verdict reinstated.

GONZALEZ, P.J., TOM, SWEENY and ABDUS-SALAAM, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about August 5, 2009, reversed, on the law, the motion denied and the verdict reinstated.