■ LUIS ALCANTARA, Appellant, v ERIC W. KNIGHT, Respondent, et al., Defendant. [1 NYS3d 24]—

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered August 13, 2013, bringing up for review an order, same court and Justice, entered August 6, 2013, which denied plaintiff's motion to set aside the jury verdict as inconsistent and for a new trial, and granted defendant's cross motion to enter a complete defense verdict and reduce the damages awarded to plaintiff to zero, unanimously affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The verdict sheet in this personal injury action instructed the jurors to determine (1) whether defendant was negligent, and (2) if so, whether defendant's negligence was a substantial factor in causing plaintiff's injuries. The jurors found that defendant was negligent, but that his negligence was not a substantial factor in causing plaintiff's injury. The verdict sheet instructed that if the jurors answered the second question in the negative, they should cease deliberations and report their verdict. The jurors, however, continued deliberating and determined that plaintiff was also negligent; that plaintiff's negligence was a substantial factor in causing his own injury; that plaintiff was 95% at fault, and defendant was 5% at fault; and that plaintiff was entitled to $200,000 in damages.

This case is controlled by *Pavlou v City of New York* (21 AD3d 74 [1st Dept 2005], *affd* 8 NY3d 961 [2007]), a labor law case in which the plaintiff was injured due to a damaged crane hoist. In *Pavlou*, the jurors determined that the City (the owner of the construction site) was negligent under the Industrial Code, but that its negligence was not a substantial factor in causing the plaintiff's injury. The jury also found that the crane manufacturer was not negligent (*id.* at 75). The verdict sheet instructed that upon making these findings, the jurors were to stop deliberations. The *Pavlou* jury, however, went on to find the third-party defendant-employer negligent for operating a damaged crane; the jury then apportioned the employer's degree of fault and fixed the amount of damages (*id.* at 81). This Court held that the plaintiff was not entitled to a new trial as against the City, stating, "[T]he jury should not have apportioned [the employer's] liability . . . or fixed an amount of damages, once it determined that the violation of the Industrial Code was not a proximate cause and that the crane manufacturer was not negligent. The fact that the jury attempted such an award is a superfluous act that does not require a new trial" (*id.* at 76). The Court of Appeals affirmed (8 NY3d 961 [2007]).

The same reasoning as in *Pavlou* applies here. Once the jurors determined that defendant's negligence was not a substantial factor or proximate cause (*see* PJI 2:70 [Proximate Cause—In General]; *see also* PJI 2:36) of plaintiff's injuries, they should not have attempted to assess plaintiff's own negligence and to fix damages. That they did so was a superfluous act that does not require a new trial. We note that plaintiff moved to set aside the verdict only after the jury was discharged, rather than alerting the court at a time when the jurors could have been questioned about the verdict. Concur—Renwick, J.P., Saxe, Moskowitz, DeGrasse and Richter, JJ.