■ YOLANDA CROSBY, Respondent, v MONTEFIORE MEDICAL CENTER et al., Appellants. [10 NYS3d 24]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 22, 2014, which denied defendants' motions to vacate a prior order sua sponte setting aside a jury verdict as inconsistent and granting plaintiff a new trial, and to rescind the parties' high-low settlement agreement, unanimously modified, on the law, the motions granted to the extent they sought vacatur of the prior order, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in the amount of $250,000 pursuant to the high-low agreement.

During jury deliberations in this medical malpractice action, the parties entered into a "high-low" settlement agreement in open court, setting the high end of the high-low range at $1,485,000 and the low end at $250,000. The parties agreed that the settlement would not survive a hung jury, and that they waived posttrial motions or appeal.

Shortly after jury deliberations began, defendants' attorneys noticed an error in the verdict sheet instructions, which

directed the jury to proceed to determine apportionment of fault and damages, even upon a finding of no liability. In an off-the-record discussion, the court ruled that, if the jury found no liability but proceeded to award damages under the faulty instructions, the court would enter a defense verdict. Plaintiff did not object.

The jury returned a verdict finding that defendants had departed from the standard of care, but that such departure was not a substantial factor in causing plaintiff's injuries. The jury nonetheless, following the instructions on the verdict sheet, allocated fault 70% to Montefiore and 30% to Beth Abraham, and awarded plaintiff $650,000 for pain and suffering.

At a posttrial conference, the court granted plaintiff's oral application to set aside the verdict as inconsistent pursuant to CPLR 4111 (c), and subsequently signed an order presented ex parte by plaintiff. The court then denied defendants' motions to vacate that order.

Contrary to plaintiff's contention, the order appealed from is not in the nature of a denial of reargument, which would not be appealable as of right (CPLR 5701 [a] [2]). Defendants properly moved to vacate the order setting aside the verdict, which was not made pursuant to a motion made on notice, and the resulting order is appealable (*see Sholes v Meagher*, 100 NY2d 333, 335 [2003]).

Under the circumstances, the jury's allocation of fault and award of damages pursuant to the defective verdict sheet was superfluous, and did not render the verdict inconsistent (*see Alcantara v Knight*, 123 AD3d 622 [1st Dept 2014]). As the court had ruled prior to the jury's verdict, the jury's verdict was in favor of defendants, thus triggering the high-low agreement (*see Cunha v Shapiro*, 42 AD3d 95, 98-99 [2d Dept 2007], *lv dismissed* 9 NY3d 885 [2007]).

Contrary to defendants' argument, plaintiff's posttrial motions raising the issue of inconsistency in the verdict were not "so substantial and fundamental" a breach of the parties' high-low settlement agreement that rescission would be warranted (*Bisk v Cooper Sq. Realty, Inc.*, 115 AD3d 419, 419 [1st Dept 2014]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.