# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**701**
**CA 15-00775**
PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

DENISE AMBROSE AND DAVID AMBROSE, INDIVIDUALLY
AND AS PARENTS AND NATURAL GUARDIANS OF
MADELEINE AMBROSE, AN INFANT,
PLAINTIFFS-RESPONDENTS,

V                                                  MEMORANDUM AND ORDER

JAMES E. BROWN, JR., M.D., ET AL., DEFENDANTS,
SUCHITRA KAVETY, M.D., INDIVIDUALLY AND AS AN
OFFICER, AGENT AND/OR EMPLOYEE OF ASSOCIATES
FOR WOMEN'S MEDICINE, JANE FIELDS, C.N.M.,
INDIVIDUALLY AND AS AN OFFICER, AGENT AND/OR
EMPLOYEE OF ASSOCIATES FOR WOMEN'S MEDICINE,
AND ASSOCIATES FOR WOMEN'S MEDICINE, BY AND
THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES,
DEFENDANTS-APPELLANTS.

---

FAGER AMSLER & KELLER, LLP, LATHAM (NANCY E. MAY-SKINNER OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

BOTTAR LEONE, PLLC, SYRACUSE (MICHAEL A. BOTTAR OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Walter W. Hafner, Jr., A.J.), entered March 12, 2015.  The order
denied the posttrial motion of defendants Suchitra Kavety, M.D., Jane
Fields, C.N.M., and Associates for Women's Medicine to reverse the
court's prior decision granting a mistrial and to reinstate the
verdict in favor of defendants.

It is hereby ORDERED that said appeal from the order insofar as
it denied leave to reargue is unanimously dismissed (*see Empire Ins.
Co. v Food City*, 167 AD2d 983, 984), and the order is reversed on the
law without costs, defendants-appellants' motion is granted, and the
verdict is reinstated.

Memorandum:  Plaintiffs, individually and on behalf of their
daughter, commenced this medical malpractice action seeking damages
for injuries allegedly sustained by the child during labor and
delivery.  The jury rendered a verdict in favor of Suchitra Kavety,
M.D., Jane Fields, C.N.M., and Associates for Women's Medicine
(defendants), and Supreme Court granted plaintiffs' motion for a
mistrial based on substantial juror confusion.  Invoking, inter alia,

CPLR 2221 and 4404 (a), defendants made a posttrial motion seeking leave to reargue and/or an order reversing the court's decision, reinstating the verdict, and directing that judgment be entered in their favor. The court denied the motion.

We agree with defendants that the court erred in denying their motion (*see generally Thorp v Makuen*, 73 AD2d 617, 618). On the verdict sheet submitted to the jury, the first question asked if Dr. Kavety was negligent, the second question asked if Dr. Kavety's negligence was a substantial factor in causing harm to the child, the third question asked if Fields was negligent, and the fourth question asked if Fields's negligence was a substantial factor in causing harm to the child. The verdict sheet instructed the jurors that, if their answer to the first question was no, to proceed to question three, and if the answer to question three was no, to proceed to instruction 4.2, which stated that they had rendered a verdict in favor of defendants and must report it to the court. Despite those instructions, the jury answered "no" to questions one through four, i.e., they found that Dr. Kavety and Fields were not negligent and that their negligence was not a substantial factor in causing harm to the child.

We conclude that the court erred in granting a mistrial inasmuch as the jury verdict was not the product of substantial confusion among the jurors (*see Martinez v Te*, 75 AD3d 1, 6-7; *Luzardo v Jamaica Hall Corp.*, 296 AD2d 383, 384). The jurors did not need to answer questions two and four regarding proximate cause because they found, in response to questions one and three, that Dr. Kavety and Fields were not negligent. The jurors' answering of questions two and four was merely a " 'superfluous act that does not require a new trial' " (*Alcantara v Knight*, 123 AD3d 622, 623). Indeed, after the verdict, the court questioned the jury foreman, who stated that the jury mistakenly believed that an answer was required for all four questions and that they discussed only the negligence questions. The record establishes that the jury foreman understood that, once the jury resolved to answer the negligence questions in the negative, the proximate cause questions "automatically had to be 'no.' "

Plaintiffs nevertheless contend that the order should be affirmed because a mistrial was appropriate on alternative grounds. We note, however, that plaintiffs moved for a mistrial only on the ground of substantial juror confusion and, thus, plaintiffs' alternative grounds for affirmance are not properly before us (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *Reynolds v Krebs*, 81 AD3d 1269, 1271; *Fleiss v South Buffalo Ry. Co.*, 280 AD2d 1004, 1005).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court