Li v Moon (2019 NY Slip Op 07928)





Li v Moon


2019 NY Slip Op 07928


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-09863
 (Index No. 10117/15)

[*1]Dafen Li, appellant,
v
Michie M. Moon, respondent.


Kramer & Pollack, LLP, Mineola, NY (Joshua D. Pollack of counsel), for appellant.
Ferro & Stenz (Russo & Tambasco, Melville, NY [Yamile Al-Sullami and Gerard Ferrara], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 21, 2018. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, and an order of the same court entered January 22, 2018, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as inconsistent and for a new trial, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she sustained when she allegedly was struck by a vehicle owned and operated by the defendant. At the trial on the issue of liability, the plaintiff testified that she was walking her bicycle in an intersection crosswalk when she was struck by the defendant's vehicle. The defendant denied that there was contact between her vehicle and the plaintiff. The defendant testified that the plaintiff, who had been riding her bicycle, appeared suddenly in front of her vehicle. The defendant stated that she was able to bring her vehicle to an immediate and complete stop about one meter from the plaintiff and did not make contact with her. The defendant testified that there was no damage to either her vehicle or the plaintiff's bicycle. The defendant acknowledged that, when she stopped her vehicle, the plaintiff was sitting in the street. When asked, upon cross-examination, to explain why the plaintiff was seated, the defendant testified that the plaintiff must have fallen from the bicycle.
The jury found that the defendant was not negligent and so reported both in court and on the special verdict sheet. Although the verdict sheet instructed the jurors to cease deliberations if they answered "no" to the first question, the jury nevertheless, skipping over the second question, answered the third question, finding that the plaintiff was not negligent. Before the jury was discharged, the plaintiff's counsel moved to have the Supreme Court re-instruct the jury and for the jury to resume deliberations, contending that the verdict was invalid and inconsistent as it was not possible to have an accident without a finding of negligence. The court denied the motion. In an order entered January 22, 2018, the court denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as inconsistent and for a new trial. A judgment was subsequently entered upon the jury's verdict. The plaintiff appeals.
A trial court has broad discretion in determining whether to send the jury back for further deliberation (see Sharrow v Dick Corp., 86 NY2d 54, 62; Scarpati v Kim, 124 AD3d 866, 867; Soto v Famulari, 28 AD3d 639, 641), but when the jury's verdict is internally inconsistent, the trial court must order either reconsideration by the jury or a new trial (see Cleveland v Djeu, 152 AD3d 483, 485; Magee v Cumberland Farms, Inc., 145 AD3d 769, 771; Ledogar v Forbes, 84 AD3d 749, 751). A new trial should be granted where the record demonstrates substantial confusion among the jurors in reaching a verdict (see Wright v City of New York, 168 AD3d 1025, 1026; Kitenberg v Gulmatico, 143 AD3d 947, 949).
Here, contrary to the plaintiff's contention, the verdict was internally consistent (see Sabarese v Board of Educ. of the Tuxedo Union Free Sch. Dist., 151 AD3d 776, 777; Kelly v Greitzer, 83 AD3d 901, 902). The jury could have credited the defendant's testimony that her vehicle did not contact the plaintiff and that the plaintiff fell from the bicycle. There is no evidence in the record that the verdict was clearly the product of substantial confusion among the jurors (see Ambrose v Brown, 142 AD3d 1312, 1313). While the jury should not have proceeded to consider whether the plaintiff was negligent, its superfluous finding that the plaintiff was not negligent does not require a new trial (see Crosby v Montefiore Med. Ctr., 128 AD3d 523, 524; Alcantara v Knight, 123 AD3d 622, 623; Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 692; Pavlou v City of New York, 21 AD3d 74, 76, affd 8 NY3d 961; O'Donnell v Calderon, 293 AD2d 457, 458).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 4404(a) to set aside the verdict and for a new trial.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court