Cortes v Camplone (2025 NY Slip Op 05917)

Cortes v Camplone

2025 NY Slip Op 05917

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Index No. 27301/17|Appeal No. 5053|Case No. 2025-00665|

[*1]Denise Cortes, Plaintiff-Appellant,
v
Richard G. Camplone et al., Defendants, The City of New York, Defendant-Respondent.

Buitrago & Associates, PLLC, New York (Marcelo A. Buitrago of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about January 16, 2025, which denied plaintiff's motion pursuant to CPLR 4404 to set aside the jury's verdict and either direct a verdict in her favor on the issue of liability or order a new trial, unanimously affirmed, without costs.
Supreme Court properly held that the jury's verdict should not be set aside. Plaintiff has not met the heavy burden of demonstrating that the evidence so preponderated in favor of plaintiff that the jury could not have reached its verdict upon any fair interpretation of the evidence (see Grassi v Ulrich, 87 NY2d 954, 956 [1996]; Pavlou v City of New York, 21 AD3d 74, 76 [1st Dept 2005], affd 8 NY3d 961 [2007]). Here, it was possible for the jury to find that defendant the City of New York had notice of the defect and was negligent in maintaining the sidewalk, but that its negligence was not a substantial factor in causing plaintiff's injuries. Moreover, plaintiff failed to preserve her challenge to the jury charge because she did not object to the charge at any point before the jury deliberated (CPLR 4110-b; Stryker Sec. Group Inc. v Elite Investigations Ltd., 170 AD3d 553, 554 [1st Dept 2019]). 
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025